GLOVER B. COX v. McDONALD DICK

No. 7614SC497

(Filed 1 December 1976)

Negligence § 29— steadying ladder — failure to use due care — insufficiency of evidence of negligence

In an action to recover for injuries sustained by plaintiff when he fell from a ladder while removing leaves from the roof of defendant's residence, the trial court properly directed verdict for defendant where the evidence tended to show that defendant agreed to hold and steady a ladder for plaintiff; when plaintiff had one foot on the top rung of the ladder and one foot on the roof of the house, the ladder slipped, thereby causing him to fall; but there was no evidence that defendant, in holding the ladder, failed to use due care and that failure caused the ladder to slip.

APPEAL by plaintiff from *Canaday, Judge.* Judgment entered 15 January 1976 in Superior Court, DURHAM County. Heard in the Court of Appeals 20 October 1976.

This is an action to recover for injuries sustained by plaintiff when he fell from a ladder while removing leaves from the roof of defendant's residence.

In summary, plaintiff alleged the following: Defendant engaged plaintiff to clean the gutters at defendant's home and

furnished a ladder to be used for that purpose. Defendant agreed to hold the ladder upon which plaintiff was to stand. Defendant negligently failed to hold the ladder and allowed it to slip from under plaintiff and caused him to fall. The fall resulted in serious injuries to plaintiff.

At the close of plaintiff's evidence the court allowed defendant's motion for a directed verdict.

*Bryant, Bryant, Drew & Crill, P.A., by Victor S. Bryant, Jr., for plaintiff appellant.*

*Spears, Spears, Barnes, Baker and Boles, by J. Bruce Hoof; Haywood, Denny and Miller, by George W. Miller, Jr., attorneys for defendant appellee.*

VAUGHN, Judge.

The only assignment of error is that the court erred in allowing defendant's motion for directed verdict.

We must, therefore, consider the evidence in the light most favorable to plaintiff. When so considered, it tends to show the following: Plaintiff is engaged in roofing and gutter work. He solicited the job of cleaning defendant's gutters and a contract price of $14.00 was agreed upon. Plaintiff's ladder was too short and, instead of leaving the job to get a longer ladder, plaintiff accepted defendant's offer of the use of defendant's ladder. At defendant's suggestion plaintiff's helper went to work on a lower section of the roof and defendant, instead of the helper, was to hold the ladder for plaintiff. Plaintiff then proceeded to clean the gutters with defendant holding the ladder. The ladder was 32 feet long and extended about 2 feet above the gutter. Plaintiff's testimony as to what happened is as follows:

"After we moved the ladder the second time, I went back up the ladder. Before I started up the ladder that time, Dr. Dick was standing on the lower side of the ladder and had one hand on it until I got above his head. After I got above his head, I turned and he was holding the ladder with both hands, a hand on each side. I then went on up the ladder and I cleaned out from my left to the gutters and there is a dormer coming out of the roof and it has got a valley on each side of the dormer and they were full of trash and I hollered down and told Dr. Dick I couldn't reach that and he said he would get me

Cox v. Dick

a stick and I could reach it with a stick. I came down the ladder and Dr. Dick got me a stick about 3½ or 4 feet long. I took the stick and went back up the ladder. When I started up the ladder that time, Dr. Dick was on the lower side holding it with one hand and when I got above his head, I turned around and looked and he had one hand on each side holding it, kind of leaning in on it to steady it, so I went on up the ladder. Once I got up the ladder, I went as far as I could on the ladder and I still couldn't reach all of the valleys with the stick, I lacked about a foot. At that time, Dr. Dick told me to go on up to the top of the ladder and to put one foot on the roof and I could reach it all. I told him all right, to hold the ladder and I went on up and put my right foot on the top rung of the ladder and I was holding my left hand on the ledge of the edge of the dormer roof that comes out just the roof and the sheathing under it, and I threw my left foot over on the roof. I was gripping the roof of the dormer with my fingers, but I couldn't get my hand around it, there was nothing to get around. I was gripping the roof with my left hand and the valley was right in front of me running catty-cornered up the roof. I took the stick in my right hand and once I had my left foot up on the roof and my right foot on the top rung of the ladder, I reached over with my left hand and was going to clean the valley out when the ladder slipped.

I felt the ladder slide out from under my right foot and the ladder slipped to the side. I had one foot on the roof and one foot setting on top of the ladder and I kind of split. As a result of the ladder slipping to the right with my right foot on it, I fell. I don't recall anything but just falling. I don't remember anything else for about two days. Just before I fell, just before the ladder slipped, I had seen Dr. Dick standing on the ground holding the ladder. The last time I saw him, he was standing there with one hand on each side of the ladder holding, like he was when I first went up, he was on the side of the ladder away from the house."

The motion for directed verdict was made on "the grounds that the plaintiff has failed to offer evidence of negligence on the part of the defendant proximately causing injury or damage

Cox v. Dick

to him, and in any event, the plaintiff's own evidence shows contributory negligence on his part as a matter of law . . . . "

We will consider whether plaintiff offered evidence of negligence on the part of defendant proximately causing injury to plaintiff. When defendant agreed to hold the ladder for plaintiff he assumed and therefore owed plaintiff a legal duty. The duty was to exercise the degree of care (in holding the ladder) for plaintiff's safety that a reasonably prudent person, under like circumstances, would have exercised. He did not, however, become an insurer of plaintiff's safety. Plaintiff's evidence tends to show that the ladder slipped and that the slipping of the ladder caused plaintiff to fall. Defendant's liability, however, cannot be predicated solely on those facts. It cannot be said that the slipping of the ladder in this case was such an occurrence that usually does not happen in the absence of actionable negligence. Plaintiff's evidence must show that defendant failed to use due care; that he failed to exercise the degree of care a reasonably prudent person would have exercised under similar circumstances, and that that failure caused the ladder to slip. There is no evidence in the record, direct or circumstantial, to support the inferences that defendant was not using due care in holding the ladder and that, if he had been doing so, the ladder would not have slipped. Plaintiff is, of course, entitled to every reasonable inference that arises on the evidence. He is not, however, entitled to go to the jury on evidence which raises only a conjecture of negligence. "To hold that evidence that a defendant *could have been* negligent is sufficient to go to the jury, in the absence of evidence, direct or circumstantial, that such a defendant *actually was* negligent, is to allow the jury to indulge in speculation and guesswork." *Jenkins v. Starrett Corp.*, 13 N.C. App. 437, 186 S.E. 2d 198.

Plaintiff's evidence fails to show actionable negligence by the defendant. We do not, therefore, reach the question of whether plaintiff's evidence shows that he was contributorily negligent as a matter of law.

Affirmed.

Judges BRITT and MARTIN concur.