DENNIS ELMER JOLLEY v. GENERAL MOTORS CORPORATION

No. 8127SC378

(Filed 5 January 1982)

**Automobiles § 6.2— alleged negligence or breach of warranty for car defect—directed verdict for manufacturer proper**

Directed verdict for the manufacturer of an automobile in which plaintiff was driving when he was involved in a single car accident was proper as the evidence only presented an inference that the right front tire either blew or came off the automobile. This fact alone was not sufficient to show the vehicle, or tire, was defective when it left defendant's plant, or that defendant was negligent in its design of the automobile, its selection of materials, its assembly process or its inspection.

APPEAL by plaintiff from *Gaines, Judge.* Judgment entered 12 January 1981 in Superior Court, CLEVELAND County. Heard in the Court of Appeals on 18 November 1981.

This case arises out of plaintiff's action to recover, in either negligence or breach of warranty, for damages he allegedly incurred in an automobile accident on 29 October 1976.

At trial, plaintiff presented evidence tending to show the following:

On 19 October 1976, plaintiff's father purchased a new 1977 model Oldsmobile from Bryson Chevrolet and Olds in Gaffney, South Carolina. Plaintiff drove the automobile away from the dealership and was the only person to drive the automobile until the time of his accident on 29 October 1976. The automobile was never involved in an accident until the one on 29 October. Plaintiff did not drive the automobile at excessive speeds and never started and stopped it quickly. On 29 October, plaintiff was operating the car on Highway 107, at a speed of 40 miles per hour. He was not under the influence of alcohol. Plaintiff testified:

> I was going on a straight. I felt a sudden drop off to the right and then there was a left curve in front of me. I couldn't make the left-hand curve and went straight into the embankment and around the curve and dropped off in between two trees on the left-hand side of the road. . . . I was driving along and . . . [t]he right side of my car pulled toward the right side of the highway. It did not stay on the same level at all times. It seemed to have a drop—a sudden drop down. When the right side of the car dropped down and pulled toward the right, I tried to apply my brakes. I was not able to do that. . . . [T]he car left the road . . . and went down in between two trees. . . .

Plaintiff did not turn his car off the road. Immediately after his accident, plaintiff was hospitalized for injuries he received in the accident. He returned to the scene of the accident the next day and observed a "rim mark," which was a "cut mark." The "cut mark" began on the surface of the road at the point where the automobile initially left the road and went from the road up to the bank and back across the road to where the automobile had stopped. The mark was as wide as the car's rim. Also on the day after the accident, plaintiff observed the vehicle at a service station in Sylva; the right front tire was missing and the rim remained on the car.

From an order granting defendant's motion for directed verdict, plaintiff appealed.

*Hamrick & Hamrick, by J. Nat Hamrick, for plaintiff appellant.*

*Helms, Mulliss & Johnston, by E. Osborne Ayscue and W. Donald Carroll, Jr., for defendant appellee.*

HEDRICK, Judge.

Plaintiff assigns as error the court's granting of defendant's motion for directed verdict. In determining whether a motion for directed verdict should be granted, the non-movant's evidence must be taken as true and considered in the light most favorable to him; a directed verdict is properly granted if and only if the evidence is insufficient to justify a verdict for the nonmovant. *Hawks v. Brindle*, 51 N.C. App. 19, 275 S.E. 2d 277 (1981). In the present case, the plaintiff's evidence must be examined to determine if it would be sufficient to support a verdict for either negligence or breach of warranty.

The plaintiff, to overcome a motion for a directed verdict, is required to offer evidence to establish, beyond mere speculation or conjecture, every essential element of negligence. Upon his failure to do so, a motion for a directed verdict is properly granted." *Oliver v. Royall*, 36 N.C. App. 239, 242, 243 S.E. 2d 436, 439 (1978). Evidence which raises only a conjecture of negligence is not sufficient to withstand a motion for directed verdict. *Cox v. Dick*, 31 N.C. App. 565, 229 S.E. 2d 843 (1976), *disc. rev. denied*, 291 N.C. 710, 232 S.E. 2d 203 (1977). Ordinarily, no inference of negligence arises from the mere fact of accident or injury. *O'Quinn v. Southard*, 269 N.C. 385, 152 S.E. 2d 538 (1967). In an action to recover for injuries resulting from the negligence of a manufacturer, plaintiff must present evidence which tends to show that the product manufactured by defendant was defective at the time it left defendant's plant, and that defendant was negligent in its design of the product, in its selection of materials, in its assembly process, or in its inspection of the product. *Cockerham v. Ward*, 44 N.C. App. 615, 262 S.E. 2d 651, *disc. rev. denied*, 300 N.C. 195, 269 S.E. 2d 622 (1980). To make out a case of breach of implied warranty, the plaintiff must prove that the goods bought and sold were subject to an implied warranty of

merchantability, that the goods did not comply with the warranty in that the goods were defective at the time of sale, that his injury was caused by the defective nature of the goods, and that damages were suffered as a result; the burden is upon the purchaser to establish a breach by the seller of the implied warranty by showing that a defect existed at the time of sale. *Cockerham v. Ward, supra.*

No construction of the evidence in the present case yields an inference that the automobile in question was defective in any way when it left defendant's plant, or that there was any negligence on the part of defendant in its design of the automobile, its selection of materials, its assembly process, or in its inspection. An inference which may reasonably be drawn from the evidence is that the right front tire either blew out or came off the rim of the automobile. Assuming arguendo that the tire did blow out or come off the rim, this fact standing alone is not sufficient to show that the vehicle, or in particular, the tire, was defective when it left defendant's plant, that defendant was negligent in its design of the automobile, its selection of materials, its assembly process, or its inspection. *Plouffe v. Goodyear Tire & Rubber Co.,* 118 R.I. 288, 373 A. 2d 492 (1977); *Springer Corp. v. Dallas & Mavis Forwarding Co.,* 90 N.M. 58, 559 P. 2d 846 (1976), *cert. denied,* 90 N.M. 254, 561 P. 2d 1347 (1977). When the evidence in the present case is considered in the light most favorable to plaintiff, it tends to show that an accident occurred and that plaintiff was injured, and, as pointed out earlier, negligence cannot be inferred from the mere happening of an accident or injury. What we have said with respect to a lack of evidence of negligence on the part of defendant applies equally to a lack of evidence of breach of implied warranty. Directed verdict against plaintiff, therefore, was proper.

Affirmed.

Chief Judge MORRIS and Judge MARTIN (Robert M.) concur.