BYRD MOTOR LINES, INC. v. DUNLOP TIRE AND RUBBER CORPORATION

No. 8222SC940

(Filed 19 July 1983)

**1. Uniform Commercial Code § 11— warranty limiting damages effective**

The limitation of damages in defendant's warranty on its tires sold to plaintiff was effective in that (1) plaintiff failed to show that the limitation was unconscionable, and (2) the loss was commercial and plaintiff did not have the benefit of the presumption of unconscionability. G.S. 25-2-316(4) and G.S. 25-2-719(3).

**2. Sales § 14.1— breach of warranty— statute of limitations**

The three-year statute of limitations applicable to contract actions barred two of plaintiff's breach of warranty claims. G.S. 1-52(1).

**3. Sales § 17.1— express warranty—insufficient evidence**

Statements by defendant's service manager fell short of being express warranties in that they were made over two years after the plaintiff started to buy tires from defendant, and G.S. 25-2-313(1)(a) requires that the representations be part of the basis of the bargain. Further, defendant's limited warranty effectively limited defendant's liability based on a representative of the company's statements.

**4. Sales § 22— strict liability not recognized in North Carolina**

North Carolina does not recognize strict liability in tort as a theory of liability.

5. **Sales § 22— strict liability—claims arising in other states—N.C. statutes of limitations barring**

Although two of plaintiff's claims arose in states which apply strict liability in tort, the North Carolina statute of limitations for negligence under G.S. 1-52(16) barred these claims.

6. **Sales § 22— strict liability—claims arising in other states—summary judgment proper**

The trial court properly entered summary judgment on plaintiff's claims which arose in Tennessee and South Carolina, states which apply strict liability in tort, since the plaintiff did not forecast sufficient evidence which would allow it to recover under their respective laws.

7. **Sales § 22.2— action for negligent manufacture of tires—insufficient evidence**

Plaintiff's claims for negligent manufacture of tires failed in that (1) the three-year statute of limitations for negligence barred them, or (2) plaintiff failed to forecast that it would be able to produce the relevant tire or any evidence about its condition at trial, or (3) plaintiff failed to show that a particular loss could be shown to have been caused by a certain tire.

APPEAL by plaintiff from *Collier, Judge.* Judgment entered 1 March 1982 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 9 June 1983.

This is an action for damages caused by over 150 allegedly defective tires purchased from the defendant for use in the plaintiff's trucking business as front tires on tractor-trailer units.

The complaint contains eight claims for relief. The first five claims are based on five separate accidents which occurred in North Carolina, South Carolina, West Virginia and Tennessee between 18 January 1976 and 10 August 1977. All of these accidents involved blowouts of the defendant's tires. Each of the first five claims sought compensation for the plaintiff's property damage.

The sixth claim for relief sought recovery for property damage caused by the blowout of ten tires sold to the plaintiff by the defendant. The seventh claim alleges that the plaintiff reasonably relied on the negligent recommendations of W. M. O'Connell, the defendant's service manager, on appropriate use of the tires. O'Connell made a number of suggestions, including that the plaintiff should reduce its average load size. The plaintiff alleges that this recommendation did not improve tire performance and resulted in a loss of profit.

The final claim seeks damages for the cost of replacing ninety-six tires that the defendant sold to it. The eight claims for

relief were based on theories of breach of warranty, strict liability and negligence.

The defendant denied liability and alleged that any damage was caused by improper use and care by the plaintiff. It pointed to the limited warranty that it gave on its tires as excluding its liability for the property damage that the plaintiff suffered.

After a hearing on this matter and consideration of pleadings, affidavits, depositions, exhibits, briefs, and oral arguments by both parties, the trial judge granted the defendant's motion for summary judgment. From that order, the plaintiff appealed.

*Brinkley, Walser, McGirt, Miller & Smith, by Gaither S. Walser and Stephen W. Coles, for the plaintiff-appellant.*

*Smith, Moore, Smith, Schell & Hunter, by Stephen P. Millikin and Jeri L. Whitfield, for the defendant-appellee.*

ARNOLD, Judge.

Because this case was decided on summary judgment under G.S. 1A-1, Rule 56, it is important to understand when that rule applies.

Summary judgment under G.S. 1A-1, Rule 56(c) is proper when there is "no genuine issue as to any material fact. . . ." It is a "drastic remedy . . . [that] must be used with due regard to its purposes and a cautious observance of its requirements in order that no person shall be deprived of a trial on a genuine disputed factual issue." *Kessing v. Mortgage Corp.*, 278 N.C. 523, 534, 180 S.E. 2d 823, 830 (1971). This remedy "does not authorize the court to *decide* an issue of fact. It authorizes the court to determine whether a genuine issue of fact exists." *Vassey v. Burch*, 301 N.C. 68, 72, 269 S.E. 2d 137, 140 (1980) (emphasis in original). Summary judgment should be denied "[i]f different material conclusions can be drawn from the evidence." *Spector Credit Union v. Smith*, 45 N.C. App. 432, 437, 263 S.E. 2d 319, 322 (1980).

In *Koontz v. City of Winston-Salem*, 280 N.C. 513, 186 S.E. 2d 897, *reh'g denied*, 281 N.C. 516, --- S.E. 2d --- (1972), the court defined two terms that are determinative on a summary judgment question.

An issue is *material* if the facts alleged would constitute a legal defense, or would affect the result of the action, or if its resolution would prevent the party against whom it is resolved from prevailing in the action. The issue is denominated *genuine* if it may be maintained by substantial evidence.

280 N.C. at 518, 186 S.E. 2d at 901 (emphasis added). In addition to no issue of fact being present, to grant summary judgment a court must find "that on the undisputed aspects of the opposing evidential forecasts the party given judgment is entitled to it as a matter of law." 2 McIntosh, N.C. Practice and Procedure § 1660.5 (2d ed., Phillips Supp. 1970). *See also*, W. Shuford, N.C. Civil Practice and Procedure § 56-7 (2d ed. 1981). In ruling on a summary judgment motion, the record should be viewed in the light most favorable to the party opposing the motion. *Brice v. Moore*, 30 N.C. App. 365, 367, 226 S.E. 2d 882, 883 (1976).

We now consider the plaintiff's theories of liability separately.

### I. BREACH OF WARRANTY

A. *The Defendant's Limited Warranty*

1. *North Carolina*

All eight claims for relief in the complaint rely on breach of warranty as a ground for liability. Claims three, six, seven, and eight arose in North Carolina and are determined by our law.

The limited warranty given by the defendant here stated in part:

Every new Dunlop truck tire is warranted to be free from defects in materials and workmanship. If Dunlop's examination shows such tire to be unfit under the terms of this warranty, an allowance will be made toward the purchase of a new Dunlop tire based upon (1) the thirty-seconds of an inch (/32") worn and (2) the Adjustment Unit Charge shown on the current Dunlop price sheet. . . .

NO IMPLIED WARRANTIES, EITHER OF MERCHANTABILITY OR OTHERWISE, ARE EXTENDED BEYOND THE TIME WHEN THE ORIGINAL TIRE TREAD IS WORN TO ONE OR MORE TREAD WEAR

INDICATOR (TWI) BARS [REPRESENTING TWO THIRTY-SECONDS OF AN INCH (2/32″) TREAD DEPTH REMAINING]. DUNLOP SHALL NOT BE RESPONSIBLE (1) FOR ANY COMMERCIAL LOSS, (2) FOR ANY DAMAGE TO, OR LOSS OF PROPERTY OTHER THAN THE TIRE ITSELF, OR (3) FOR ANY OTHER TYPE OF CONSEQUENTIAL DAMAGES OF A NON-PERSONAL INJURY NATURE. . . .

No dealer or representative has authority to make any commitment, promise or agreement binding upon Dunlop except as stated herein.

The limitations in this warranty were an attempt by the defendant to limit the plaintiff's remedies as a buyer.

G.S. 25-2-316(4) states: "Remedies for breach of warranty can be limited in accordance with the provisions of this article on liquidation or limitation of damages and on contractual modification of remedy (§§ 25-2-718 and 25-2-719)."

G.S. 25-2-719(3) provides: "Consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable. Limitation of consequential damages for injury to the person in the case of consumer goods is prima facie unconscionable but limitation of damages where the loss is commercial is not."

[1] The limitation of damages in the defendant's warranty was effective for two reasons. First, the plaintiff has not shown that the limitation was unconscionable.

Although that term is not defined in North Carolina's version of the Uniform Commercial Code (G.S. 25-2-302 only describes how an unconscionable contract or clause should be treated), it is rare that a limitation of remedy will be held unconscionable in a commercial setting since the relationship between business parties is usually not so one-sided as to force an unconscionable limitation on a party. J. White and R. Summers, Handbook of the Law Under the Uniform Commercial Code § 12-11 (1972). *See also*, Black's Law Dictionary 1367 (5th ed. 1979) (cites "gross one-sidedness of a term . . . limiting damages" as a typical example of unconscionability); *Billings v. Harris Co.*, 27 N.C. App. 689, 695, 220 S.E. 2d 361, 366 (1975), *aff'd*, 290 N.C. 502, 226 S.E. 2d 321 (1976). ("Unconscionability relates to contract terms that are op-

pressive. It is applicable to one-sided provisions, denying the contracting party only opportunity for meaningful choice.")

Second, this is not a case of personal injury. Thus, the plaintiff does not have the benefit of the presumption of unconscionability of a limitation of damages in case of personal injury that the second sentence of G.S. 25-2-719(3) provides because the loss was commercial. In such a situation, the plaintiff has the burden of showing unconscionability. *See Billings*, 27 N.C. App. at 695, 220 S.E. 2d at 366.

We also note that the limited warranty meets G.S. 25-2-719(1)(a)'s provision for limited remedies. The defendant's warranty provides for an allowance on the purchase of new tires if tires that were previously purchased turn out to be unfit. This appears to be "a fair quantum of remedy" that the commentary to the statute mandates. *See* Official Comment 1 to G.S. 25-2-719.

### 2. *Other States*

[2] Claims one and two, which arose in Tennessee and West Virginia, respectively, are barred by the three-year statute of limitations applicable here. G.S. 1-52(1); *B-W Acceptance Corp. v. Spender*, 268 N.C. 1, 149 S.E. 2d 570 (1966). We apply the North Carolina limitation period because remedies are governed by the laws of the jurisdiction where the suit is brought. "The *lex fori* determines the time within which a cause of action shall be enforced." *Sayer v. Henderson*, 225 N.C. 642, 643, 35 S.E. 2d 875, 876 (1945) (citations omitted). *See also*, Restatement (Second) of Conflict of Laws § 142 (1971); Wurfel, *Statutes of Limitations in the Conflict of Laws*, 52 N.C.L. Rev. 489, 492 (1974).

Claims four and five, which occurred in Tennessee and South Carolina, respectively, are not barred by the North Carolina three-year statute of limitations. As a result, we consider the validity of the defendant's limited warranty under the law of those states since that is where the accidents on which those claims are based occurred. *See Williams v. General Motors Corp.*, 19 N.C. App. 337, 341, 198 S.E. 2d 766, 769, *cert. denied*, 284 N.C. 258, 200 S.E. 2d 659 (1973).

### a. *Tennessee*

Under Tennessee law, the limitation of damages in the defendant's warranty was effective. That state has identical sections

of the Uniform Commercial Code on this point to those of North Carolina and applies the law the same way. *See* Tenn. Code Ann. §§ 47-2-316(4) and -2-719(3). *See also, Hardimon v. Cullum and Maxey Camping Centers, Inc.*, 591 S.W. 2d 771 (Tenn. Ct. App. 1979); *Beaunit Corp. v. Volunteer Natural Gas Co.*, 402 F. Supp. 1222 (E.D. Tenn. 1975).

b. *South Carolina*

The limitation was also effective under South Carolina law, whose relevant provisions are identical to those of North Carolina. *See* S.C. Code Ann. §§ 36-2-316(4) and -2-719(3) (Law. Co-Op. 1977); *Investors Premium Corp. v. Burroughs Corp.*, 389 F. Supp. 39 (D.S.C. 1974).

B. *Representations by O'Connell*

The seventh claim for relief alleges that recommendations made by O'Connell, the defendant's service manager, were negligently made and caused the plaintiff to rely on them to its detriment. It is also averred that O'Connell's statements were oral warranties.

The evidence about O'Connell's statements, even when viewed in the light most favorable to the plaintiff, does not amount to a warranty. The plaintiff's evidence shows that O'Connell recommended changing the ply rating of the tires, reducing the weight of loads, and increasing tire pressure.

[3] This evidence falls short of being an express warranty because G.S. 25-2-313(1)(a) requires that the representations be part of the basis of the bargain. The plaintiff's evidence shows that the statements were made, if at all, during 1977, which was over two years after the plaintiff started to buy tires from the defendant. Thus, they could not have been part of the basis of the bargain between the parties.

Assuming *arguendo* that O'Connell's statements were oral warranties, they did not bind the defendant. The limited warranty states in part: "No dealer or representative has authority to make any commitment, promise or agreement binding upon Dunlop except as stated herein." This sentence effectively limits the defendant's liability and prevents any recovery by the plaintiff based on O'Connell's statements.

O'Connell's statements were also not negligent misrepresentations. There is no evidence that he failed to exercise reasonable care or competence in obtaining or communicating information to the plaintiff as this theory requires. *See* Restatement (Second) of Torts § 552 (1965) [hereinafter cited as Restatement].

Thus, we affirm the grant of summary judgment for the defendant on the breach of warranty and negligent misrepresentation theories.

## II. STRICT LIABILITY

[4] Seven of the plaintiff's eight claims for relief include strict liability in tort as a theory of liability. Because North Carolina does not recognize this doctrine; *see Smith v. Fiber Controls Corp.*, 300 N.C. 669, 268 S.E. 2d 504 (1980), claims three, six and eight cannot succeed on a strict liability theory. All of the incidents in those claims occurred in North Carolina.

[5] Claims one and two both arose over three years before the plaintiff filed its complaint. Although those claims arose in Tennessee and West Virginia, states which apply strict liability in tort, the North Carolina statute of limitations for negligence under G.S. 1-52(16) bars these claims. As discussed above, "The *lex fori* determines the time within which a cause of action shall be enforced." *See Sayer,* 225 N.C. at 643, 35 S.E. 2d at 876.

[6] Claims four and five, which occurred in Tennessee and South Carolina, respectively, are not barred by the North Carolina three-year statute of limitations. As a result, we must consider strict liability as applied to these claims under the law of the states in which these two incidents occurred.

Because strict liability creates a substantive right, the rights of the parties will be determined by the *lex loci deliciti commissi,* which is the law of Tennessee and South Carolina. *Williams,* 19 N.C. App. at 341, 198 S.E. 2d at 769.

A. *Tennessee*

Strict liability in tort for products liability cases was first embraced by Tennessee in *Ford Motor Co. v. Lonon,* 217 Tenn. 400, 398 S.W. 2d 240 (1966). The doctrine has been followed in a number of cases and is reflected in the Tennessee Products

Liability Act adopted in 1978. Tenn. Code Ann. § 29-28-101 *ff.* (1980). That statute defines "defective condition" and "unreasonably dangerous" in § 29-28-102 and closely follows Restatement § 402A in § 29-28-105(a).

In Tennessee, "it is ordinarily a question for the trier of fact whether the product is in a defective condition unreasonably dangerous to the user." *Young v. Reliance Electric Co.*, 584 S.W. 2d 663, 668, *cert. denied,* --- S.W. 2d --- (1979). But this claim was properly decided on a summary judgment motion.

In its 15 September 1981 answer to the defendants' second set of interrogatories, the plaintiff listed the serial numbers of all the tires that it possessed or had sent to Dunlop or Chem-Bac Laboratories. Except for those tires, "the locations and custodians of the remaining tires are unknown."

Our examination of all the evidence leads us to conclude that the plaintiff will be unable to produce the tire that is the basis of this claim and that it cannot produce evidence about its condition prior to its being lost. Absent such a forecast, we affirm grant of summary judgment for the defendant on claim four.

"If no examination of the tire was made before loss or destruction and no other evidence is introduced to establish a defect or causation, recovery on the part of the injured plaintiff would be unlikely in face of a motion for a summary judgment" by the defendant. Annot., 81 A.L.R. 3d 318, 329 (1977). These matters are usually jury questions "unless the facts and inferences establish beyond dispute that all reasonable men would agree on the outcome." *Caldwell v. Ford Motor Co.*, 619 S.W. 2d 534, 536 (1981) (citations omitted). Because the plaintiff did not forecast that it will be able to produce the tire on which claim four is based or evidence concerning its condition, it was proper to prevent this claim from going to the jury.

B. *South Carolina*

Strict liability in tort for sellers of products in a defective condition unreasonably dangerous to users, consumers or their property became the law of South Carolina in 1974. *See* 1974 S.C. Acts 1184. This Act adopted verbatim the rule of Restatement § 402A and the comments to that section as its legislative intent. *See* S.C. Code Ann. § 15-73-10 through 15-73-30.

S.C. Ann. § 15-73-10 and Restatement § 402A state:

(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm caused to the ultimate user or consumer, or to his property, if

(a) The seller is engaged in the business of selling such a product, and

(b) It is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2) The rule stated in subsection (1) shall apply although

(a) The seller has exercised all possible care in the preparation and sale of his product, and

(b) The user or consumer has not bought the product from or entered into any contractual relation with the seller.

Holding the defendant strictly liable in tort under South Carolina law in this case depends on whether the tires sold to the plaintiff were in a "defective condition unreasonably dangerous." In accord with S.C. Code Ann. § 15-73-30, we look to the comments following Restatement § 402A for guidance.

Comment g deals with "defective condition." It places the burden of proving that the product was defective when it left the seller's hands upon the plaintiff and adds that the section applies "only where the product is, at the time it leaves the seller's hands, in a condition not contemplated by the ultimate consumer, which will be unreasonably dangerous to him."

South Carolina courts state the test for defectiveness as "whether the product is unreasonably dangerous to the consumer or user given the conditions and circumstances that foreseeably attend use of the product." *Claytor v. General Motors Corp.*, 277 S.C. 259, ---, 286 S.E. 2d 129, 131 (1981).

Comment i discusses "unreasonably dangerous." "The article sold must be dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics." A number of South Carolina cases have looked to

this comment for help in determining if a product is "unreasonably dangerous." *See, e.g., Young v. Tide Craft, Inc.,* 270 S.C. 453, 242 S.E. 2d 671 (1978). South Carolina is what one commentator termed a "pure Restatement jurisdiction" since it focuses on the consumer expectation definition of unreasonably dangerous. J. Beasley, *Products Liability and the Unreasonably Dangerous Requirement* 208 (1981).

Our interpretation of the evidence under South Carolina law leads us to believe that state's courts would affirm the grant of summary judgment as to claim five on a strict liability theory.

The plaintiff has not shown that there is a fact issue as to whether the tire involved in the 10 August 1977 accident was in a "defective condition unreasonably dangerous." In fact, it has not shown that it can produce the tire or any evidence about its condition before the accident.

In its answer to the defendant's interrogatories, the plaintiff said that the tire involved in claim five was sent to Chem-Bac Laboratories in Charlotte. Brady Bostian, the plaintiff's shop foreman, stated in a deposition, however, that he does not remember taking the tire to Chem-Bac. In addition, Melvin Byrd, the plaintiff's general manager, said in an affidavit that the tire was sent to Dunlop.

An insufficient showing of a defective condition or unreasonable danger has been made when the tire cannot be found, no evidence that it was defective was forecast, in the form of expert testimony or otherwise, and no examination of the tire by one who could make a meaningful evaluation was shown.

As a result, we affirm summary judgment for the defendant on claim five.

### III. Negligent Manufacture

[7] Seven of the plaintiff's eight claims for relief contained a count based on negligent manufacture of tires. These counts alleged that the negligent manufacture caused the tires "to separate and/or explode and cause damages to the tractor trailer unit upon which it was used." They also stated that the defects in the tires were latent and could not have been discovered by the plaintiff in the exercise of reasonable care.

As discussed, *supra*, in the section on strict liability, the three-year statute of limitations for negligence bars claims one and two. Thus, only five claims based on negligent manufacture will be considered.

Of the five remaining claims containing a count based on negligent manufacture, two were based on accidents that occurred in other states. Because the plaintiff's property damage occurred in those two states, the substantive rights of the parties are governed by the law of those states. *See Williams*, 19 N.C. App. at 342, 198 S.E. 2d at 769.

A. *Tennessee*

Claim four was based on an accident that occurred in Tennessee on 9 December 1976. The law of that state on negligence requires that there be a duty, a breach thereof, causation, and resulting harm therefrom. *See, e.g., Shouse v. Otis*, 224 Tenn. 1, 448 S.W. 2d 673 (1969). Before a negligence case will be prevented from going to the jury, the facts must be established by "evidence free from conflict and the inference from the facts . . . so certain that all reasonable men, in the exercise of a free and impartial judgment, must agree upon." *Berry v. Whitworth*, 576 S.W. 2d 351, 353, *cert. denied*, --- S.W. 2d --- (1978) (citations omitted).

Applying Tennessee law on negligence to claim four, we find that it was correct to grant the defendant's summary judgment motion on this issue. As we stated, *supra*, in the section on Tennessee strict liability law, the plaintiff did not forecast that he will be able to produce the relevant tire or any evidence about its condition at trial.

B. *South Carolina*

Claim five was based on an accident that occurred in South Carolina on 10 August 1977. The law of that state is that a breach of duty is essential to negligence. *See, e.g., S.C. Elec. & Gas Co. v. Util. Constr. Co.*, 244 S.C. 79, 135 S.E. 2d 613 (1964). Negligence is normally a jury question but can be a matter of law for the court if the evidence admits of only one reasonable inference. *See Rogers v. Atl. Coastline R.R.*, 222 S.C. 66, 71 S.E. 2d 585 (1952).

Because the plaintiff has not shown that it can produce the tire involved in claim five or any evidence about its condition, it

was proper to grant summary judgment on this claim under South Carolina law.

C. *North Carolina*

Claims three, six and eight all contain counts based on negligent manufacture and occurred in North Carolina.

It is an accepted tenet of our jurisprudence that summary judgment is rarely proper in negligence cases. "Even where there is no dispute as to the essential facts, where reasonable people could differ with respect to whether a party acted with reasonable care, it ordinarily remains the province of the jury to apply the reasonable person standard." *Moore v. Crumpton*, 306 N.C. 618, 624, 295 S.E. 2d 436, 441 (1982). But where there is no genuine issue of material fact and reasonable men could only conclude that the defendant was not negligent, entry of summary judgment is proper. *Dendy v. Watkins*, 288 N.C. 447, 455, 219 S.E. 214, 219 (1975).

A party moving for summary judgment may prevail if it meets the burden (1) of proving an essential element of the opposing party's claim is nonexistent, or (2) of showing through discovery that the opposing party cannot produce evidence to support an essential element of his or her claim. *Lowe v. Bradford*, 305 N.C. 366, 369, 289 S.E. 2d 363, 366 (1982).

Claims three and six seek damages for injury to the plaintiff's property caused by blowout of tires that the defendant sold to the plaintiff.

Sixteen tires are involved in these two claims. The location of tires six through eleven and twenty, as listed in defendant's appendix II, is unknown. It was proper to enter summary judgment as to these tires since they cannot be produced and no evidence of their condition was forecast by the plaintiff. In addition, claims for tires six through eleven are barred by North Carolina's three-year statute of limitations for negligence since the cause of action for those tires accrued more than three years before this case began on 14 May 1979.

Tire three, which is the basis of claim three, and tires twelve through nineteen, which are the remaining tires in claim six, are in the possession of either the plaintiff or the defendant. But the

plaintiff has made an insufficient forecast of evidence to survive summary judgment on these remaining tires.

Before a plaintiff can recover for damage caused by negligent manufacture, it must present evidence "which tends to show that the product manufactured by the defendant was defective at the time it left defendant's plant, and that defendant was negligent in its design of the product, in its selection of materials, in its assembly process, or in its inspection of the product." *Jolley v. General Motors Corp.*, 55 N.C. App. 383, 385, 285 S.E. 2d 301, 303 (1982). *See also, Cockerham v. Ward,* 44 N.C. App. 615, 262 S.E. 2d 651, *disc. rev. denied,* 300 N.C. 195, 269 S.E. 2d 622 (1980).

No analysis of the evidence shows a genuine issue of material fact on the negligent manufacture theory. As already discussed, the claims based on tires that are gone or whose condition was not determined before they were lost, do not survive summary judgment.

As for the remaining tires in the hands of the parties, the plaintiff has not shown that a particular loss can be shown to be caused by a certain tire. Bostian, the plaintiff's shop foreman, stated in his deposition that all blown tires were put into a trailer for storage. The only mark that Bostian put on the blown tires was a chalk mark. He said that he did not know which of these tires went with which claim for relief.

The serial numbers on each tire also do not help the plaintiff link tires to certain claims because the numbers are not unique. As explained by Thomas M. Johnson, Jr., the defendant's tire quality engineer, each serial number of the tires in this case has ten characters.

"DA", the first two characters, represent the defendant's designation. The next five characters relate to the size, type, and ply rating of each tire. The final three characters tell when the tire was made.

The plaintiff did not forecast evidence that would allocate these numbers to tires involved in certain accidents, especially given the fact that many of the tires contained identical serial numbers. Thus, even if a tire could be shown defective, the plaintiff would be unable to prove that the defect caused him any damage. As the court concluded in *Jolley*, "negligence cannot be

inferred from the mere happening of an accident or injury." 55 N.C. App. at 386, 285 S.E. 2d at 304. *See also Shramek v. General Motors Corp., Chevrolet Motor Div.*, 69 Ill. App. 2d 72, 78, 216 N.E. 2d 244, 247 (1966) ("The mere fact of a tire blowout does not demonstrate the manufacturer's negligence, nor tend to establish that the tire was defective.").

Claim eight seeks recovery for the cost of replacing ninety-six tires that the defendant sold to the plaintiff because they allegedly were negligently manufactured.

As discussed throughout this opinion, the plaintiff has not forecast evidence to show that he could prove at a trial that the tires were defective or negligently manufactured. Absent such a showing, it cannot recover the replacement cost of the tires alleged to be defective in this eighth claim for relief.

We conclude that summary judgment was properly entered for the defendant on all claims.

Affirmed.

Judges WEBB and BRASWELL concur.