**Steven WARD, Plaintiff,**

v.

**AMERICAN MEDICAL SYSTEMS, INC., Defendant.**

.Civil No. 1:00CV150.

United States District Court, W.D. North Carolina, Asheville Division.

Oct. 23, 2001.

(Compl.¶¶ 57–60).

Steven Ward, pro se.

Andrew S. Chamberlin, Ellis & Winters, LLP, Raleigh, NC, for Defendant.

### *MEMORANDUM AND ORDER*

THORNBURG, District Judge.

**THIS MATTER** is before the Court on Plaintiff's timely filed objections to the Memorandum and Recommendation of United States Magistrate Judge Max O. Cogburn, Jr. Pursuant to standing orders of designation and 28 U.S.C. § 636, this Court referred Defendant's motion for summary judgment to the Magistrate Judge for a recommendation as to disposition. The Magistrate Judge entered a detailed memorandum recommending the Defendant's motion be granted. For the reasons stated below, the Court grants Defendant's motion.

The district court conducts a *de novo* review of those portions of a Magistrate Judge's Memorandum and Recommendation to which specific objections are filed. *See* 28 U.S.C. § 636(b). This Court will not address general objections to the Magistrate Judge's final Recommendation. "A

general objection ... has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless." *Howard v. Secretary of HHS*, 932 F.2d 505, 509 (6th Cir.1991). In this Circuit, *de novo* review is unnecessary "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982).

Here the Defendant has made no specific objections to the Memorandum and Recommendation. Nothing in his objection contains any citations to legal precedent or offers explanation or reasons other than those previously set forth in opposition to the motion. Defendant's objections are at best "general and conclusory" and make *de novo* review unnecessary. *Id.*

The Magistrate Judge recommended granting Defendant's motion because Plaintiff has not produced a qualified expert who would testify at trial on the issues of medical causation, negligence, or the existence of a defect at the time of sale. Plaintiff's objection merely re-asserts that he can produce Dr. Armstrong and Mr. Hockman. As the Magistrate Judge noted, Dr. Armstrong has specifically testified that he had not inspected the implant, that he could not identify any defect in the implant, and that the likely cause of infection in the implant was related to treatment for Plaintiff's multiple sclerosis (MS). The Magistrate Judge further concluded that Mr. Hockman, whose testimony Plaintiff offers as evidence of a defect in the product, did not have an adequate background or scientific basis for his testimony to qualify as expert testimo-

ny under the Rules. F.R. Evid. 702; *Oglesby v. General Motors Corp.*, 190 F.3d 244 (4th Cir.1999); *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999).

Plaintiff alleges in his objection that he suffered an attack of his MS immediately before the hearing before the Magistrate Judge. Plaintiff does not offer any evidence to support this assertion nor does he claim that he brought this attack to the attention of the Magistrate Judge at the time of the hearing. The Plaintiff does not explain how this attack affected his ability either to represent himself at the hearing or to produce testimony sufficient to defeat the motion. Although the Court does not discount the serious nature of the Plaintiff's illness or cast aspersions on the veracity of Plaintiff's allegations, the undersigned cannot conclude without more evidence that this attack prejudiced Plaintiff in the disposition of this matter.

**IT IS, THEREFORE, ORDERED** that Plaintiff's objections to the Memorandum and Recommendation are overruled and Defendant's motion for summary judgment is **GRANTED**. A Judgment dismissing this case is filed herewith.

## MEMORANDUM AND RECOMMENDATION

COGBURN, United States Magistrate Judge.

**THIS MATTER** is before the court upon defendant's Motion to Dismiss and for Summary Judgment. Having carefully considered defendant's Motion for Summary Judgment, reviewed the pleadings, and conducted a hearing,[1] the court enters

---

1. *See* Maryland Casualty Co. v. Therm–O–Disc, Inc., 137 F.3d 780 (4th Cir.1998); *Bal-* *lance v. Wal–Mart Stores, Inc.*, 178 F.3d 1282, 1999 WL 231653 (4th Cir.1999); Goebel v.

the following findings, conclusions, and recommendation.

## FINDINGS AND CONCLUSIONS

### I. Factual Background

In this diversity action, plaintiff contends under a products-liability theory that he received a defective penile prosthesis manufactured by defendant. He has alleged that the prosthesis was the source of repeated infections and exacerbated his preexisting multiple sclerosis. Plaintiff is proceeding *pro se*. Defendant has moved to dismiss and for summary judgment, contending that plaintiff has not satisfied his burden of producing an expert opinion that his medical problems are attributable to a defect in defendant's product that was present at the time of sale. After a number of extensions of time and specific instruction by the court, as required under *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), plaintiff produced the opinion of a person he believes qualifies as an expert in this field. Defendant contends that such opinion is inadmissable under Rule 702, Federal Rules of Evidence, and in no way satisfies plaintiff's obligation under current law.

### II. Information Developed During Discovery

#### A. Evidence Concerning Plaintiff's Medical Problems

The following information was developed during discovery in this matter and has been unopposed. Plaintiff's current treating urologist, Dr. Bruce Armstrong, was deposed August 14, 2001. Dr. Armstrong testified that plaintiff's preexisting multiple sclerosis requires him to perform regular self-catheterizations. Dr. Armstrong specifically acknowledged that the self-catheterization process frequently is the source of recurrent infections of the urinary tract and opined that recurrent urinary-tract infections of this type likely caused plaintiff's penile implant to become infected. According to Dr. Armstrong, he had not examined the implant following removal and could not identify a defect in the implant. He further stated that he would not opine that plaintiff's infections had been caused by the implant. There is no other testimony of record from a physician who treated plaintiff.

#### B. Evidence Concerning the Implant

On September 7, 2001, the opinion of Benjamin I. Hochman was tendered by plaintiff as an expert report. Quite properly, plaintiff attached the *curriculum vitae* of Mr. Hochman. Review of that document reveals that Mr. Hochman is not a medical doctor and never examined the alleged defective product or a specimen thereof. While Mr. Hochman offers an opinion about the condition of the product and concludes that plaintiff's infection resulted from the product, defendant argues that Mr. Hochman has not and cannot offer opinions on the following essential elements of a products-liability claim under current North Carolina law:

1. medical causation;

2. the alleged negligence of AMS; and

3. the existence of a defect at the time of sale.

---

Denver and Rio Grande Western R.R. Co., 215 F.3d 1083 (10th Cir.2000) ("It is within the discretion of the trial court to determine how to perform its gatekeeping function under *Daubert*. The most common method for fulfilling this function is a *Daubert* hearing, although such a process is not specifically mandated." (citations omitted)). In this case, plaintiff's expert not appearing at the hearing was understandable in light of costs.

## III. Summary–Judgment Standard Generally

While defendant has moved both to dismiss and for summary judgment, the court has proceeded forward with the Motion for Summary Judgment, inasmuch as evidentiary materials outside the pleadings have been submitted and considered. On a motion for summary judgment, the moving party has the burden of production to show that there are no genuine issues for trial. Upon the moving party's meeting that burden, the nonmoving party has the burden of persuasion to establish that there is a genuine issue for trial.

> When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a *genuine issue for trial.*" Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving [sic] party, there is no "genuine issue for trial."

*Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citations omitted; emphasis in the original) (quoting Fed.R.Civ.P. 56). There must be more than just a factual dispute; the fact in question must be material and readily identifiable by the substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

By reviewing substantive law, the court may determine what matters constitute material facts. *Id.* "Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." *Id.* at 248, 106 S.Ct. 2505. A dispute about a material fact is "genuine" only if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Id.*

> [T]he court is obliged to credit the factual asseverations contained in the material before it which favor the party resisting summary judgment and to draw inferences favorable to that party if the inferences are reasonable (however improbable they may seem).

*Cole v. Cole*, 633 F.2d 1083, 1092 (4th Cir.1980). Affidavits filed in support of defendant's Motion for Summary Judgment are to be used to determine whether issues of fact exist, not to decide the issues themselves. *United States ex rel. Jones v. Rundle*, 453 F.2d 147 (3d Cir.1971). When resolution of issues of fact depends upon a determination of credibility, summary judgment is improper. *Davis v. Zahradnick*, 600 F.2d 458 (4th Cir.1979).

## IV. Discussion

### A. Expert Opinion

In responding to a motion for summary judgment based on Rule 702, Federal Rules of Evidence, plaintiff has a "burden of production," which is

> the burden of coming forward with evidence from which the trial court could determine, as *Daubert* demands, that (1) the expert will testify to "scientific knowledge," and (2) the expert's testimony "will assist the trier of fact to understand or determine a fact in issue."

*Maryland Casualty Co. v. Thermo–O–Disc, Inc.*, 137 F.3d 780, 783 (4th Cir.1999), citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

The obligation of a trial court is described as that of a "gatekeeper," which, of necessity, is one involving the exercise of discretion. As the Court held in *Daubert,* this gatekeeping obligation applies not only to scientific testimony, but to any

expert testimony, because Rule 702 makes no distinctions among "scientific," "technical," or "other specialized" knowledge. To properly evaluate nonscientific testimony, courts generally consider testing, peer review, error rates, and acceptability within the relevant professional community. *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 119 S.Ct. 1167, 1175–76, 143 L.Ed.2d 238 (1999). Determining which, if any, factors to apply requires consideration of what is at issue. The factors are useful measures of reliability, depending on the nature of the issue, the actual expertise of the expert, and the subject of his testimony. *Id.*

■ In this case, plaintiff's proposed expert has opined that "defects, leaks, tears and failure of components caused the multiple failures of the AMS penile implant devices implanted in Mr. Ward." Hochman report, at 3. Plaintiff's proposed expert, however, has not relied upon studies or engaged in testing that would provide a reasonable technical basis for rendering the proposed opinion. In fact, Mr. Hochman acknowledges that his opinions were prepared in the absence of

1. any discovery pertinent to the design and manufacture of the AMS penile implant;

2. review of the manufacturer's manuals for proper surgical installation and repair of penile prostheses;

3. review of any forensic evidence or examination related to the implants or their parts; or

4. review of the medical-device reports related to penile prostheses.

Without utilization of any form of systematic review, it is mere speculation on the part of Mr. Hochman that plaintiff's injuries were caused by a defective implant, as opposed to infections from improper catheterization causing the implant to fail.

While it is quite possible that plaintiff's injuries were in fact caused by a defective penile implant—a concern which has caused this court to proceed with considerable care—it is plaintiff's obligation, whether he proceeds with or without an attorney, to come forward with competent expert evidence upon which a finder of fact could return a verdict in his favor. Not only must the testimony "assist the trier of fact," the Court of Appeals for the Fourth Circuit in *Oglesby* made clear that to satisfy plaintiff's "burden of production," the expert opinion must be based upon demonstrable "scientific knowledge."

In this case, the opinion of plaintiff's expert raises more questions than it answers, and the undersigned, finding that such opinion cannot comply with Rule 702 or *Daubert,* will recommend summary judgment. *See General Electric Co. v. Joiner,* 522 U.S. 136, 118 S.Ct. 512, 517, 139 L.Ed.2d 508 (1997).

## B. Medical Causation

■ To survive summary judgment on a products-liability claim under Chapter 99B–1.1 of the North Carolina General Statutes, a plaintiff must establish that an alleged product defect caused his injuries. *Jolley v. General Motors Corp.,* 55 N.C.App. 383, 385–86, 285 S.E.2d 301 (1982). In addition to expert testimony concerning the allegedly defective product, a plaintiff is obligated to come forward with expert medical opinion that his medical problems were caused by the defective product. *Hensley v. Danek Medical, Inc.,* 32 F.Supp.2d 345, 350 (W.D.N.C.1998). Not only has plaintiff failed to produce any expert medical opinion, his own treating urologist, in unopposed testimony, denied that he could offer any opinions that would support plaintiff's allegations. Armstrong Depo., at 15–16. For this additional reason, summary judgment is also appropriate, and the undersigned will so recommend.

**600**

## C. Negligence Claim

Finally, in addition to the products-liability claim, plaintiff has also asserted a tort claim for negligence. Plaintiff's obligation was to come forward with evidence that defendant was negligent in the manufacture, design, inspection or sale of the product. *Jolley,* supra, at 385, 285 S.E.2d 301. Plaintiff has presented no evidence of negligence on the part of defendant, and the undersigned must recommend that summary judgment also be granted on this claim.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that defendant's Motion for Summary Judgment be **ALLOWED** and that plaintiffs' claims be **DISMISSED** with prejudice.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within ten (10) days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied,* 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); *United States v. Schronce,* 727 F.2d 91 (4th Cir.), *cert. denied,* 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984).

This Memorandum and Recommendation is entered in response to defendant's Motion for Summary Judgment (# 22).

October 9, 2001.