Scott H. RICHARDSON, Administrator of the Estate of Elizabeth Richardson, Plaintiff,

v.

GENERAL MOTORS CORPORATION, Defendant.

No. 1:01CV00394.

United States District Court, M.D. North Carolina.

Sept. 13, 2002.

W. Thompson Comerford, Jr., Comerford & Britt, L.L.P., Winston-Salem, NC, Robert M. N. Palmer, P.C., Springfield, MO, for Plaintiff.

William A. Blancato, McCall, Doughton & Blancato, Winston-Salem, NC, Rosewell Page, III, Sandra K. Giannone, Martha J. Swicegood, McGuire Woods, LLP, Richmond, VA, for Defendant.

## MEMORANDUM OPINION

BULLOCK, District Judge.

Plaintiff Scott H. Richardson ("Plaintiff") brought this diversity action against Defendant General Motors Corporation ("GM") alleging that the manufacture and design of a reclining front passenger seat of a 1997 GMC Yukon and/or GM's inadequate warning system were the proximate cause of Elizabeth Richardson's death. GM has moved for summary judgment on

the issues of causation and the failure to warn.

Because both issues involve material questions of fact that cannot be decided at this stage, GM's motion for summary judgment will be denied.

## FACTS

The facts before this court, taken in the light most favorable to Plaintiff, are as follows. Plaintiff is the administrator of the estate of Elizabeth Richardson, his wife. On April 1, 2000, Elizabeth Richardson was riding in the front passenger seat of a 1997 GMC Yukon ("Yukon"). George Richardson, III, Plaintiff and Elizabeth Richardson's son, was driving the Yukon at the time of the accident, but it was owned by the Plaintiff. Prior to the accident, Elizabeth Richardson had reclined the front passenger seat fully with the three-point manual lap and shoulder belt fully fastened. She was also protected by a passenger side airbag. A 1991 Acura traveling in the opposite direction crossed the median out of control and struck the front of the Yukon. The Yukon and its occupants experienced a change of velocity of approximately 35 miles per hour. Although George Richardson sustained no serious, disabling injuries, Elizabeth Richardson was killed.

## DISCUSSION

Summary judgment must be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). The moving party bears the burden of persuasion on the relevant issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The non-moving party may survive a motion for summary judgment by producing "evidence from which a [fact finder] might return a verdict in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202

(1986). When the motion is supported by affidavits, the non-moving party must set forth specific facts showing that there is a genuine issue for trial. *See* Fed.R.Civ.P. 56(e); *see also Cray Communications, Inc. v. Novatel Computer Sys., Inc.*, 33 F.3d 390, 393–94 (4th Cir.1994) (moving party on summary judgment can simply argue the absence of evidence by which the non-movant can prove his or her case). In considering the evidence, all reasonable inferences are to be drawn in favor of the non-moving party. *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505. However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [fact finder] could reasonably find for the plaintiff." *Id.* at 252, 106 S.Ct. 2505.

Plaintiff avers in his complaint that: (1) GM has breached its duty to warn and continuing duty to warn; (2) GM is responsible for the negligent design of the occupant protection system and its failure to adequately warn of this danger; (3) GM has breached its express warranty; and (4) GM has breached both its implied warranty of merchantability and its implied warranty of fitness for a particular purpose.

■ In its brief, Defendant appears to argue that Plaintiff has failed to meet the causation element of his complaint because Plaintiff's experts have not proffered testimony that Mrs. Richardson would have been 100% certain to survive had her seat not been reclined. This remarkable proposition is not the law, as even Defendant appears to recognize later in its brief when it quotes *Edwards v. ATRO SpA*, 891 F.Supp. 1074, 1079 (E.D.N.C.1995), to the effect that a plaintiff may satisfy his burden of proof on the causation element by producing evidence that it is more likely than not that defendant's conduct was the cause of plaintiff's injury. As indicated

below, Plaintiff's proffered evidence is sufficient to withstand summary judgment.

Defendant also argues that Plaintiff's failure to warn claim cannot survive because there is no evidence that Plaintiff would not have reclined the seat had Defendant provided additional warnings. This argument ignores the significant circumstantial evidence proffered by Plaintiff concerning the Richardson family's safety consciousness when purchasing and riding in vehicles, as set out below.

I. *Causation*

GM contends that Plaintiff has failed to satisfy his burden of causation for each of his claims. More specifically, GM claims that Plaintiff has failed to show the causal connection between the alleged defect and the death of Elizabeth Richardson because Plaintiff has not been able to show that his wife would have survived the collision regardless of her reclined seat. GM also argues that Plaintiff has failed to carry his burden because he has not excluded all other reasonably likely causes of Elizabeth Richardson's death besides the reclining seat. Despite GM's argument otherwise, however, Plaintiff is not required to eliminate every other possible cause of Elizabeth Richardson's death.

■ In diversity cases the sufficiency of the evidence to create a jury question is still governed by federal law. *Owens by Owens v. Bourns, Inc.,* 766 F.2d 145, 149 (4th Cir.1985). Opinion evidence must express a reasonable degree of certainty that it was more likely than not that defendant's negligence or breach of duty was the cause of plaintiff's damages. *Id.* This is the same standard under North Carolina law. *See, e.g., Hinson v. National Starch & Chem. Corp.,* 99 N.C.App. 198, 392 S.E.2d 657 (1990) (to defeat a motion for a directed verdict plaintiff's evidence must indicate a reasonable scientific probability that the stated cause produced the stated result). Where the issue of causation is supported only by circumstantial evidence, the Fourth Circuit has enunciated similar versions of this "reasonable probability" standard. In *Ralston Purina Co. v. Edmunds,* the court stated that evidence "which shows a 'probability' and not a mere 'possibility' would suffice to allow jury consideration." 241 F.2d 164, 168 (4th Cir.1957); *see also Ford Motor Co. v. McDavid,* 259 F.2d 261, 266 (4th Cir.1958) ("it is the province of the jury to resolve conflicting inferences from circumstantial evidence").

■ In this case, Plaintiff has presented evidence which could lead a reasonable jury to infer the reasonable probability that the Defendant's negligence or breach of duty produced Plaintiff's damages. GM's argument that Plaintiff has failed to produce any affirmative evidence, including expert testimony, demonstrating that the alleged defect was the cause in fact of Elizabeth Richardson's death is unsupported by the record. On the contrary, Plaintiff's scientific and engineering expert, David J. Biss, testified that, in his opinion, the occupant protection system was defectively and negligently designed and unreasonably dangerous due to the ability of the front passenger seat to fully recline while the car was in motion. In North Carolina, however, besides expert testimony concerning the allegedly defective product, "a plaintiff is obligated to come forward with expert medical opinion that his medical problems were caused by the defective product." *Ward v. American Med. Sys.,* 170 F.Supp.2d 594, 599 (W.D.N.C.2001), *aff'd,* 38 Fed.Appx. 909 (2002). To this end, Plaintiff presents the opinion of John B. Lenox, M.D., who states that, in his opinion, had Elizabeth Richardson been seated upright in her seat at the time of collision with her lap and shoulder belt properly fastened she would have survived.

GM claims that Dr. Lenox's findings are unsupported by the evidence and "mere speculation." Dr. Lenox's opinion, however, appears to be supported by ample evidence, including statistical data supplied by Mr. Biss that the fatality rate for 35 mile per hour frontal crashes is approximately 10%. Dr. Lenox further refers to the National Highway Traffic Safety Administration's crash test study, which assigned the 1997 Yukon four stars, meaning that an occupant has an 11% to 20% chance of sustaining a serious injury in a 35 mile per hour wreck. Furthermore, GM's own injury causation expert, Dr. Tawfik B. Khalil, admits that the risk of injury to Elizabeth Richardson would have been less had she been seated upright, and GM's own in-house study shows a 7% fatality rate in 35 mile per hour frontal collisions.

To defeat summary judgment, the Plaintiff needs to show only a reasonable probability that the allegedly defective system that allowed significant seat recline, coupled with a failure to warn, caused the damages. Plaintiff has provided more than sufficient evidence and expert testimony to support his allegation that, more likely than not, Elizabeth Richardson would have avoided fatal injuries in the collision if she had been sitting in the proper upright position at the time of the accident.

## II. *Failure to Warn*

■ GM further argues that Plaintiff's failure to warn and inadequate warning claims cannot survive summary judgment because there is no testimony or evidence to support Plaintiff's claim that Elizabeth Richardson would have changed her behavior had she read the owner's manual or had there been another type of warning provided. Plaintiff, however, has offered both expert testimony and additional evidence on this point sufficient to meet his burden. The facts show that, although the

Yukon was owned by the Plaintiff, George Richardson III was the primary driver. Elizabeth Richardson owned and drove her own car, a Chrysler van. At the time of the collision, she was a passenger in the Yukon customarily driven by her son.

The facts also indicate that both George and Elizabeth Richardson were unaware of the dangers of reclining the passenger seat while the car was in motion. Although the owner's manual for the 1997 Yukon contains an explicit statement warning of the dangers of reclining the seat while the car is in motion, there is no evidence that Elizabeth Richardson had any knowledge of this warning. The facts also show that the Richardsons specifically purchased a 1997 Yukon for their son George instead of a 1996 model because the 1997 model came equipped with passenger side airbags, that Elizabeth Richardson would not let George ride in a front seat with an airbag until he was old enough to do so safely, and that the Richardsons always wore their lap and shoulder safety belts.

Plaintiff's human factors expert, Dr. Laughery, has testified that, in his opinion, the Richardsons were a "safety aware, safety conscious family." Furthermore, based on this evidence, Dr. Laughery stated that Elizabeth Richardson would have altered her conduct in response to an adequate warning system.

Under North Carolina law, evidence that a product user would have altered her conduct when presented with an adequate warning has been held to be sufficient to present a factual issue for the jury. *See Champs Convenience Stores, Inc. v. United Chem. Co., Inc.*, 329 N.C. 446, 456, 406 S.E.2d 856 (1991); *Bryant v. Adams*, 116 N.C.App. 448, 466–67, 448 S.E.2d 832 (1994). Plaintiff has presented sufficient evidence and expert testimony that Elizabeth Richardson would have altered her behavior and would not have reclined her

seat if she had additional and adequate warnings to make this a question of fact which may ultimately have to be resolved by the jury.

### III. *Contributory Negligence*

■ Finally, Defendant states that "to the extent that any of Plaintiff's claims withstand this motion for summary judgment, GM argues that Plaintiff is not entitled to recovery because his claim is barred by contributory negligence." If Defendant is asking the court to rule that Mrs. Richardson was guilty of contributory negligence as a matter of law, as appears from other statements in Defendant's brief, this would, of course, mandate a grant of summary judgment. However, questions concerning Mrs. Richardson's alleged "misuse" of the seat or her unwillingness to read and ignorance of the owner's manual are questions of fact for the jury. Only when Plaintiff's own evidence discloses contributory negligence so clearly that no other conclusion can be reached should summary judgment be granted. *See Morgan v. Cavalier Acquisition Corp.*, 111 N.C.App. 520, 432 S.E.2d 915 (1993).

### CONCLUSION

Because the undisputed facts do not show that GM is entitled to judgment as a matter of law, GM's motion for summary judgment on Plaintiff's negligent design and failure to warn claims will be denied. The court has addressed only those issues raised by the Defendant in its motion. Although Plaintiff's complaint appears to assert claims for design defects, breach of warranty, and failure to warn, Plaintiff does not cite the North Carolina Products Liability Act, N.C. General Statute § 99B–1 *et seq.*, nor does either party address its provisions. Other potential issues not addressed could include federal pre-emption, enhanced injury liability, and intervening negligence. Ultimately, however, it will be up to the trial judge to determine which issues, if any, to submit to the jury.

An order in accordance with this memorandum opinion shall be entered contemporaneously herewith.