FLORENCE SAYER v. ROBERT B. HENDERSON AND MAMIE B. HENDERSON.

(Filed 28 November, 1945.)

**1. Limitation of Actions § 1a—**

The power of the Legislature of each State to enact statutes of limitations and rules of prescription is well recognized and is unquestioned.

**2. Same—**

A statute of limitations, strictly so called, operates generally on the remedy directly, and does not extinguish the right.

**3. Same: Courts § 11—**

It is a fundamental principle of law that remedies are to be governed by the laws of the jurisdiction where the suit is brought. The *lex fori* determines the time within which a cause of action shall be enforced.

APPEAL by defendant Mamie B. Henderson from *Dixon, Special Judge,* at Extra May Term, 1945, of MECKLENBURG.

This is a civil action brought in the Superior Court of Mecklenburg County, State of North Carolina, by Florence Sayer against Robert B. Henderson and Mamie B. Henderson. Robert B. Henderson died since the institution of this action but before process was served on him, and neither he nor his personal representative was ever made a party to this action. The action was for the recovery of an amount alleged to be due the plaintiff on a certain note executed under seal by the named defendants on 25 August, 1926.

When the case came on for trial the parties entered into a stipulation that the court might pass upon the facts as well as the law, and agreed upon the facts. Whereupon the court found the facts to be as agreed upon by the parties, and, upon these facts, concluded as a matter of law, that the plaintiff is entitled to recover of the defendant, Mamie B. Henderson, the sum of $2,440.00 with interest from 1 October, 1933, the court finding, *inter alia,* as a matter of law, that the statutes of limitation of the State of North Carolina were applicable to the plaintiff's alleged cause of action rather than the statutes of limitation of the State of New York as contended by the appealing defendant, and that under the provisions of the applicable statute of limitation of the State of North Carolina, plaintiff's cause of action is not barred, and thereupon adjudged that the plaintiff have and recover of the defendant Mamie B. Henderson the sum of $2,440.00, together with interest from 1 October, 1933, and costs. From such judgment the defendant Mamie B. Henderson appealed, assigning errors.

*W. T. Shore and F. A. McCleneghan for plaintiff, appellee.*
*Wilson H. Price, Sr., for defendant Mamie B. Henderson, appellant.*

SCHENCK, J.   The question posed, and upon which the case on this appeal is made to turn in the briefs filed, was: Are the statutes of limitation of the State of North Carolina or the statutes of limitation of the State of New York applicable in this action?

The only allegations made by the appealing defendant in her answer which can be construed as a plea of the statutes of limitation, were as follows: "1. That if the plaintiff has or had any cause of action, which is denied, that more than three years have elapsed since plaintiff's cause or causes of action accrued, and that the defendants plead this lapse of time in bar of any recovery by the plaintiff in this action;" and "2. That if the plaintiff has or had any cause of action, which is denied, that more than ten years have elapsed since plaintiff's cause or causes of action accrued, and that the defendants plead this lapse of time in bar of any recovery by the plaintiff in this action."

The statutes of limitation have been uniformly held by this Court, and so far as we know by other courts, to be governed by the law of the forum.   The most recent case with us in point is *Webb v. Webb,* 222 N. C., 551, 23 S. E. (2d), 897.   The plea of the statutes of limitation is a plea to the remedy and consequently the *lex fori* must prevail. *Arrington v. Arrington,* 127 N. C., 190, 37 S. E., 212; *Clodfelter v. Wells,* 212 N. C., 823, 195 S. E., 11.   " 'A statute of limitations, strictly so called, . . . operates generally on the remedy directly, and does not extinguish the right.   The power of the Legislature of each State to enact statutes of limitation and rules of prescription is well recognized and unquestioned.   It is a fundamental principle of law that remedies are to be governed by the laws of the jurisdiction where the suit is brought.   The *lex fori* determines the time within which a cause of action shall be enforced.'   17 R. C. L., Art. Lim. of Actions."   *Vanderbilt v. R. R.,* 188 N. C., 568 (580), 125 S. E., 387.

There are only two statutes pleaded, the three years statute, G. S., 1-52, and the ten years statute, G. S., 1-47.   It is unnecessary to discuss the three years statute, since it is agreed that the instrument sued on was under seal.

As to the ten years statute, it is agreed and found by the Court that this action was instituted on 10 February, 1943, by the plaintiff Florence Sayer on a note executed by defendant Mamie B. Henderson as balance purchase money of property located in the State of New York, and secured by mortgage upon said real estate, that the last payment made upon the note involved was $30.00 on 1 October, 1933, at which time the principal balance upon said note was $2,440.00, hence the institution of

the action was within the ten years allowed after the said last payment, as the statute commenced again to run from the day when the last payment was made. *Green v. Greensboro College,* 83 N. C., 449 (454). The court was therefore correct in concluding that the plaintiff's cause of action was not barred by the North Carolina ten years statute of limitations, or any other statutes of limitation pleaded.

For the reasons stated and upon authorities cited, we are of the opinion that the judgment should be affirmed, and it is so ordered.

Affirmed.