JOY O. GILLESPIE AND BAILEY GILLESPIE v. AMERICAN MOTORS CORPORATION, AMERICAN MOTORS SALES CORPORATION, JEEP CORPORATION AND VALLEY MOTORS SALES, INC.

No. 8029SC603

(Filed 21 April 1981)

1. **Limitation of Actions § 3.1– action barred by statute of limitations – no revival by legislature**

    Once a claim is barred by the running of the applicable statute of limitations, it cannot be revived by a subsequent action of the legislature.

2. **Limitation of Actions § 4.2– claims based on negligence and strict liability not barred as matter of law**

    The trial court erred in dismissing plaintiffs' negligence and strict liability claims instituted in 1979 for personal injuries allegedly caused by the defective condition of a vehicle purchased from defendant dealer on the ground that the claims were barred by the three year limitation of former G.S. 1-15(b) where plaintiffs alleged that the link between their physical injuries and gas fumes in the vehicle was not discovered until 1978, since the claim did not accrue until the injury was discovered or ought reasonably to have been discovered, and whether plaintiffs' should have discovered the invasion of their legal rights prior to 1978 was a question for the jury.

3. **Sales § 14.1; Uniform Commercial Code § 25– statute of limitations – breach of warranty in automobile sale**

An action for breach of warranty in the sale of an automobile was governed by the four-year statute of limitations of G.S. 25-2-725, and plaintiffs' action was not barred where it was brought within four years after taking delivery of the vehicle.

APPEAL by plaintiff from *Howell, Judge.* Judgment entered 18 April 1980 in Superior Court, RUTHERFORD County. Heard in the Court of Appeals 13 January 1981.

Plaintiffs filed the complaint in this action on 18 December 1979 seeking damages for personal injuries to both plaintiffs and expenses associated with the defective condition of a 1976 Jeep Cherokee wagon purchased by plaintiffs from defendant Valley Motor Sales, Inc., and manufactured by defendant Jeep Corporation, a subsidiary of defendant American Motors Corporation. Plaintiff asserted three causes of action based respectively on defendants' negligence, defendants' breach of warranties pursuant to the sales contract for the vehicle, and strict liability due to the inherently dangerous nature of the product.

The substance of the complaint is that plaintiffs purchased the Jeep wagon from defendant Valley Motor Sales and nine days later discovered the presence of overwhelming gas fumes in the passenger compartment of the vehicle. Plaintiffs allege that after three years of repeated trips to defendant Valley Sales for work on the defective condition, the fumes persisted, and plaintiffs gave verbal notice to American Motors Sales Corporation of the alleged breaches of warranties, followed by written notice of the breaches.

Plaintiffs alleged, and provided affidavits in support of their contention, that the gas fumes in the vehicle over a period of four years resulted in physical injuries to both plaintiffs, and much expense in plaintiffs' attempts to have the defect corrected.

Defendants filed motions to dismiss plaintiffs' claim under Rule 12(b)(6) of the Rules of Civil Procedure for failure to state a claim upon which relief could be granted, and because plaintiffs' claim was barred by the applicable statutes of limitation. The trial judge granted defendants' motions on the latter grounds, from which ruling plaintiffs appeal.

*Tomblin & Perry, by A. Clyde Tomblin and Vance M. Perry, for plaintiff appellants.*

*Mullen, Holland & Harrell, by Graham C. Mullen, for defendant appellees American Motors Corporation, American Motors Sales Corporation and Jeep Corporation.*

*Golding, Crews, Meekins, Gordon & Gray, by Marvin K. Gray and Ned A. Stiles, and Hamrick, Bowen, Nanney & Dalton, by Fred D. Hamrick, Jr., for defendant appellee Valley Motor Sales, Inc.*

ARNOLD, Judge.

The question which plaintiffs bring to this Court for review is whether their claims are barred by the statutes of limitation. It is urged that the negligence and strict liability causes of action were brought well within the six-year statute of limitations for product liability, as set out in G.S. 1-50(6). Plaintiffs further contend that the action was timely under G.S. 1-52(5), which prescribes a three-year statute of limitations for injury to the person not arising on contract, but limited by G.S. 1-52(16), which provides that such actions do not accrue until bodily harm or physical damage "becomes apparent or ought reasonably to have become apparent to the claimant, whichever event first occurs." Plaintiffs also argue that the cause of action for breach of warranty was filed within the three years allowed by G.S. 1-52(1) and as expanded by our decision in *Styron v. Supply Co.*, 6 N.C. App. 675, 171 S.E. 2d 41 (1969), regarding the continued unsuccessful attempts to repair the object of a repair contract.

Defendants aver that since the sale was made, and the defect in the vehicle was discovered prior to the effective date of the statutes urged by plaintiffs, the predecessor, G.S. 1-15(b) (repealed effective 1 October 1979) applies as a bar to plaintiffs' suit under all three causes of action. Defendants claim that under the proper interpretation of G.S. 1-15(b), the three-year period accrued at the time the defect in the vehicle was discovered and, therefore, the statute ran long before this suit was filed. Defendants argue further that the claim could not be revived by the legislature through the enactment of G.S. 1-50(6) and 1-52(5) and (16).

[1] We agree that once a claim is barred by the running of the applicable statute of limitations, it cannot be revived by a subsequent action of the legislature. *Stereo Center, Inc. v. Hodson,* 39 N.C. App. 591, 251 S.E. 2d 673 (1979). The central issue in this case therefore is whether G.S. 1-15(b) would have operated to bar plaintiffs' action prior to the enactment of its successor, 1-52(16), and G.S. 1-50(6).

G.S. 1-15(b) provides: "Except where otherwise provided by statute, a cause of action, ... having as an essential element bodily injury to the person or a defect in or damage to property which originated under circumstances making the injury, defect or damage not readily apparent to the claimant at the time of its origin, is deemed to have accrued at the time the injury was discovered by the claimant, or ought reasonably to have been discovered by him, whichever event first occurs. ..."

[2] Plaintiffs alleged that the link between their physical injuries and the gas fumes in the vehicle was not discovered until 1978. Whether plaintiffs should have discovered the invasion of their legal rights prior to 1978 is a question for the jury and may not form the basis of defendants' motion to dismiss. *Johnson v. Podger,* 43 N.C. App. 20, 25, 257 S.E. 2d 684, 689, *disc. rev. denied* 298 N.C. 806, 261 S.E. 2d 920 (1979); *see generally, Lauerman, The Accrual and Limitations of Causes of Actions for Nonapparent Bodily Harm and Physical Defects in Property in North Carolina,* 8 Wake Forest L. Rev. 327 (1972). Assuming plaintiffs filed this action within three years from the time the action accrued, the action would not be barred by the statute of limitations in G.S. 1-52. If the plaintiffs' action was not barred, the legislature was at liberty to extend the time within which plaintiffs' rights could be asserted by enactment of 1-50(6). *Stereo Center, Inc. v. Hodson, supra.* Plaintiffs' causes of action based on the theories of negligence and strict liability were therefore improperly dismissed by the trial judge.

[3] We likewise find that the plaintiffs' cause of action for breach of warranties was improperly dismissed. The term "goods" includes an automobile within the meaning of G.S. 25-2-105 of the Uniform Commercial Code. *Rose v. Epley Motor Sales,* 288 N.C. 53, 60, 215 S.E. 2d 573, 577 (1975). The applicable statute of limitation is thus covered by G.S. 25-2-725(1) and (2):

(1) An action for breach of any contract for sale must be

commenced within four years after the cause of action has accrued.

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A *breach of warranty* occurs when tender of *delivery* is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered. (Emphasis added.)

It is uncontradicted that plaintiffs filed their complaint, though by only a few days, within four years after taking delivery of the automobile. Consequently, the judgment dismissing plaintiffs' claims must be

Reversed.

Judges WELLS and HILL concur.