**H. Ron SMITH and Linda Campbell, Plaintiffs,**

v.

**CESSNA AIRCRAFT COMPANY, INC., and Atlantic Aero, Inc., Defendants.**

**Civ. A. No. C–82–1062–G.**

United States District Court, M.D. North Carolina, Greensboro Division.

Sept. 21, 1983.

**434**

Jack W. Stewart, Jr., Gudger, Reynolds, Ganley & Stewart, Asheville, N.C., William G. Barbour, Shope, McNeil, Maddox & Morgan, P.A., Greensboro, N.C., for plaintiffs.

William F. Womble, Jr., and S. Fraley Bost, Womble, Carlyle, Sandridge & Rice, Winston-Salem, N.C., for defendant Cessna.

L.P. McLendon, Jr., and John H. Small, Brooks, Pierce, McLendon, Humphrey & Leonard, Greensboro, N.C., for defendant Atlantic Aero.

## MEMORANDUM OPINION

BULLOCK, District Judge.

This matter is currently before the court on motions to dismiss filed by both Defendants, the Cessna Aircraft Company, Inc. ("Cessna") and Atlantic Aero, Inc. ("Atlantic Aero").[1] For the reasons discussed below, the court will grant the motions of both Defendants and enter an order dismissing all of Plaintiffs' claims.

The Plaintiffs in this case, H. Ron Smith and Linda Campbell, are both residents of the State of Tennessee. In their complaint, Plaintiffs contend that on October 20, 1978, Smith "picked up" from Atlantic Aero in Greensboro, North Carolina, a P210N Centurion airplane that had been manufactured by Cessna.[2] On that same date, Smith al-

---

1. The motions of both Defendants were referred to the undersigned District Judge for the first time on August 8, 1983.

2. The phrase "picked up" is used by the Plaintiffs in their complaint to describe the transaction by which Smith obtained possession of the airplane. Complaint of H. Ron Smith and Linda Campbell, ¶ 7 (October 19, 1982).

legedly had the aircraft flown to Elizabethton, Tennessee, where he and Campbell boarded the plane and then departed for Marco Island, Florida. While approaching for a landing in Florida, the airplane's engine stalled, allegedly due to a failure in the fuel system. Plaintiffs were thereafter involved in a crash-landing from which both sustained personal injuries.

This action was filed on October 19, 1982. The Plaintiffs have invoked the court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). The complaint can be read as pleading causes of action against both Defendants for negligence, strict liability, and breach of the warranties of merchantability and fitness for a particular purpose.

 When sitting in diversity cases, this court must apply the substantive law of North Carolina as announced by the North Carolina courts. *Brendle v. General Tire and Rubber Co.,* 505 F.2d 243, 245 (4th Cir.1974). Included within this broad requirement is the more specific rule that this court must also follow the choice-of-law rules of the state in which it sits. *Klaxon v. Stentor Electric Manufacturing Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). As to Plaintiffs' tort claims, the North Carolina choice of law rule is to apply the *lex loci delicti* to all substantive questions. *See* Wurfel, *Choice of Law Rules in North Carolina,* 48 N.C.L.Rev. 243, 247 (1970). As the Fourth Circuit Court of Appeals has instructed:

> In personal injury cases . . . North Carolina courts have unequivocally adhered to the *lex loci delicti* rule. In determining the place of the tort, North Carolina courts apply the generally accepted interpretation of the *lex loci* rule that a tort is deemed to have occurred where the last event takes place that is necessary to render the actor liable. Injury being the last element of the tort, [the] North Carolina rule, in a nutshell, is the law of the place of the injury [citations].

*Santana, Inc. v. Levi Strauss and Co.,* 674 F.2d 269, 272 (4th Cir.1982).

Since the alleged injury of which Plaintiffs' complaint occurred in Florida, North Carolina courts would apply that state's law to determine all substantive questions regarding Plaintiffs' claims for negligence and strict liability. The North Carolina courts have fashioned a different rule, however, in determining which statute of limitation applies to a particular cause of action. In *Sayer v. Henderson,* 225 N.C. 642, 35 S.E.2d 875 (1945), the North Carolina Supreme Court stated that:

> The statutes of limitation have been uniformly held by this Court, and so far as we know by other courts, to be governed by the law of the forum . . . . The plea of the statutes of limitation is a plea to the remedy and consequently the *lex fori* must prevail. [citations]. ' "A statute of limitations, strictly so called, . . . operates generally on the remedy directly, and does not extinguish the right. The power of the Legislature of each State to enact statutes of limitation and rules of prescription is well recognized and unquestioned. It is a fundamental principle of law that remedies are to be governed by the laws of the jurisdiction where the suit is brought. The *lex fori* determines the time within which a cause of action shall be enforced." 17 R.C.L., Art. Lim. of Actions.' *Vanderbilt v. Atlantic Coast Line Railroad Company,* 188 N.C. 568, 580, 125 S.E. 387 (1924).

*Sayer v. Henderson,* 225 N.C. at 643, 35 S.E.2d 875.

Applying these principles to the case now before it, the court concludes that all of Plaintiffs' claims are barred by the statutes of limitation that apply to each claim under the law of the forum.

 Turning first to Plaintiffs' cause of action for negligence, it is apparent that under North Carolina law an action to recover for personal injuries negligently inflicted must be commenced within three years from the date on which the action accrues. *See* N.C.Gen.Stat. § 1–52(5); *Sharpe v. Pugh,* 270 N.C. 598, 602, 155 S.E.2d 108 (1967); *Stamey v. Membership Corp.,* 249 N.C. 90, 93, 105 S.E.2d 282 (1958); *see also Sheppard v. Construction Co.,* 11

N.C.App. 358, 359, 181 S.E.2d 130 (1971). Since this suit was commenced more than three years after the crash-landing of the plane, Plaintiffs are barred from recovering for any alleged negligence by the Defendants.

■ A more difficult problem is posed by the question concerning the appropriate statute of limitation to apply to Plaintiffs' cause of action for strict liability since that theory of recovery is not recognized in the State of North Carolina in products liability cases. *Smith v. Fiber Controls Corp.,* 300 N.C. 669, 678, 268 S.E.2d 504 (1980); *Fowler v. General Electric Co.,* 40 N.C.App. 301, 304, 252 S.E.2d 862 (1979); *but see Gillespie v. American Motors Corp.,* 51 N.C.App. 535, 277 S.E.2d 100 (1981). This court has been unable to locate a decision by the North Carolina Supreme Court that identifies the correct statute of limitation to be applied to an action based upon strict liability which was created by another state, but brought in North Carolina. It thus falls to this court to forecast what the North Carolina Supreme Court would hold if presented with this issue. *Wilson v. Ford Motor Co.,* 656 F.2d 960 (4th Cir.1981).

■ The terms of N.C.Gen.Stat. § 1–52(5) provide that an action must be brought within three years "[f]or criminal conversation, or *for any other injury to the person or rights of another, not arising on contract and not hereafter enumerated."* (emphasis added). As discussed above, this section has been found applicable to suits for personal injuries negligently inflicted.

*Stamey v. Membership Corporation, supra.* On its face, § 1–52(5) appears to apply to all actions for personal injuries that are not specifically enumerated elsewhere in a distinct statute of limitation. The court can find no logical basis for concluding that North Carolina would grant a longer period of time to file an action to those plaintiffs suing for personal injuries under a strict liability theory than to those plaintiffs who have sued under a negligence theory. For these reasons, the court finds that § 1–52(5) is the appropriate statute of limitations to apply to any claims that might be available to the Plaintiffs under Florida law [3] for strict liability and that said claims are therefore barred.[4]

■ The court turns finally to Plaintiffs' claims for breach of the warranties of merchantability and fitness for a particular purpose. Both of these theories of recovery arise under the Uniform Commercial Code. (hereinafter "Code"). *See* N.C.Gen.Stat. §§ 25–2–314, 315. At first glance, it would appear that the four-year period contained in N.C.Gen.Stat. § 25–2–725 would apply to actions for the breach of code warranties. *Gillespie v. American Motors Corp.,* 51 N.C. App. 535, 538–39, 277 S.E.2d 100 (1981). However, the North Carolina Supreme Court has recently declined to apply § 25–2–725 to such claims where bodily injury to the person is an essential element of the cause of action and has instead adopted as the appropriate statute of limitation the three-year period contained in N.C.Gen. Stat. § 1–52(1). *Bernick v. Jurden,* 306 N.C. 435, 444–47, 293 S.E.2d 405 (1982).[5]

**3.** Whether or not claims based upon strict liability are actionable under the substantive law of Florida is a question the court expressly does not address since any claims Plaintiffs might have under that theory are time-barred.

**4.** The court's conclusion is also supported by the panel decision of the North Carolina Court of Appeals in *Gillespie v. American Motors Corp.,* 51 N.C.App. 535, 277 S.E.2d 100 (1981). The Court of Appeals ruled therein (1) that the superior court had improperly dismissed the plaintiffs' actions based on negligence and strict liability theories on the grounds that both were time-barred, and (2) that the three-year period in N.C.Gen.Stat. § 1–52 was applicable

to both actions. 51 N.C.App. at 538, 277 S.E.2d 100.

**5.** The North Carolina Supreme Court also addressed the argument advanced by the Plaintiffs before this court that the six-year period in N.C.Gen.Stat. § 1–50(6) be applied to actions for breach of Code warranties. The state supreme court concluded that § 1–50(6) is not a statute of limitation but is instead merely a "statute of repose" that places an outer limit on the time period within which a products liability action may be brought. In addition, § 1–50(6) is of no assistance to Smith and Campbell since it has been found to be inapplicable to claims arising before October 1, 1979.

Since the court is bound to apply North Carolina law as announced by the North Carolina Supreme Court, *Bernick v. Jurden* compels a finding that any claims Plaintiffs might have for breach of the warranties of merchantability and fitness for particular purpose are barred by § 1–52(1).[6]

■ Although this court must follow state substantive law when ruling in cases where jurisdiction is based on diversity of citizenship, federal procedural standards are generally held to be controlling in those same cases. *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); *Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 611–12 (4th Cir.), *cert. denied,* 448 U.S. 911, 101 S.Ct. 25, 65 L.Ed.2d 1141 (1980). Both Defendants have made their motions pursuant to Rule 12(b)(6), Fed.R.Civ.P. Since all of the Plaintiffs' claims are barred by the applicable statutes of limitation, Plaintiffs can prove no set of facts in support of their claims that would entitle them to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). Accordingly, an order will be entered granting the motions made by the Defendants dismissing this action in the entirety.

---

*Bernick v. Jurden,* 306 N.C. at 446–47, 293 S.E.2d 405.

**6.** In their briefs filed in opposition to the Defendants' motions, Plaintiffs apparently concede that Smith did not purchase the airplane from Atlantic Aero and that the transaction by which Smith obtained possession of the airplane was not technically a "sale" within the meaning of N.C.Gen.Stat. § 25–2–106(1). Nevertheless, Plaintiffs argue that the court should interpret the Code as applying to transactions in goods other than sales and that they be permitted to plead claims for breach of Code warranties. The court expressly declines to consider whether or not Plaintiffs have in fact stated causes of action under the Code as it is interpreted by either the North Carolina or Florida courts. The North Carolina choice of law rule for civil actions created by the Code is set out in N.C.Gen.Stat. § 25–1–105(1). That provision provides that in the absence of an agreement by the parties to a transaction as to whether the law of North Carolina or the law of another state shall govern their rights and duties, North Carolina law will be applied to "transactions bearing an appropriate relationship to this State." *Id.* Whether or not the transaction between the Plaintiffs and the Defendants bears an "appropriate relationship" to North Carolina is a question the court need not address since any claims Plaintiffs might have for breach of Code warranties are time-barred.