CHRIS TELESCA, Plaintiff v. SAS INSTITUTE INC., Defendant

No. COA98-913

(Filed 15 June 1999)

**Statute of Limitations— commencement of action—delayed service—Rule 3**

The trial court did not err by dismissing a REDA (Retaliatory Employment Discrimination Act) claim on the grounds that the statute of limitations had run where plaintiff attempted to commence the action by delayed service, the application for the extension to file the complaint was filed and a summons issued by the clerk's office that day, that summons was not sufficient to begin the action because it was not issued pursuant to an order entered by the clerk granting plaintiff's application for an extension, a second summons was issued pursuant to such an order and that summons commenced the action, and the action accordingly commenced beyond the time limit.

Appeal by plaintiff from order filed 16 April 1998 by Judge Henry V. Barnette, Jr. in Wake County Superior Court. Heard in the Court of Appeals 30 March 1999.

*Daniel F. Read, for plaintiff-appellant.*

*Ogletree, Deakins, Nash, Smoak and Stewart, P.C., by A. Bruce Clarke, C. Matthew Keen, and Robert A. Sar, for defendant-appellee.*

GREENE, Judge.

Christopher Telesca (Plaintiff) appeals from the trial court's grant of SAS Institute's (Defendant) motion to dismiss.

Plaintiff was employed with Defendant as a photographer and was terminated. After his termination, Plaintiff filed a complaint with the Workplace Retaliatory Discrimination Division of the North Carolina Department of Labor (NCDOL), alleging retaliatory termination. The NCDOL issued Plaintiff a right-to-sue letter on 19 September 1995, giving Plaintiff until 18 December 1995 to commence a civil action against Defendant. On 18 December 1995, Plaintiff filed an application with the Wake County Superior Court clerk's office for an extension to file his complaint. On that same date, the clerk's office issued a summons to Defendant directing it to "answer the complaint of the plaintiff." The summons, however, was not accompanied by a complaint. On 22 December 1995, a deputy superior court clerk entered an order allowing Plaintiff's application, ordered Plaintiff's complaint to be filed on or before 7 January 1996,[1] and issued a civil summons commencing Plaintiff's suit. This summons, which was served on Defendant along with the order of the clerk authorizing the complaint extension, notified Defendant that it was required to serve its answer "to the complaint upon the plaintiff . . . after you have been served with the complaint as authorized in the attached order." Plaintiff did not file his complaint until 9 January 1996.

On 29 April 1996, Plaintiff voluntarily dismissed his complaint against Defendant without prejudice, but refiled his complaint on 15 April 1997, alleging, among other claims, a violation of the Retaliatory Employment Discrimination Act (REDA).[2]

---

1. Because 7 January 1996 fell on a Sunday, Plaintiff automatically was given an extension until Monday, 8 January 1996. *See* N.C.G.S. § 1A-1, Rule 6 (1990).

2. Although Plaintiff asserts several claims in this re-filed complaint, he only presents and discusses the dismissal of his REDA claim in his brief to this Court. We,

On 27 February 1998, Defendant moved to dismiss the REDA claim on the grounds that the statute of limitations had expired. The motion was allowed on 16 April 1998.

The dispositive issue is whether a civil action is commenced, within the meaning of Rule 3 of our Rules of Civil Procedure, upon the filing of an application for an extension of time to file a complaint and upon the issuance of a summons.

A civil action under REDA must "be commenced by an employee within 90 days of the date upon which the right-to-sue letter was issued." N.C.G.S. § 95-243(b) (1993). A civil action can be commenced either by: (1) "filing a complaint with the court"; or (2) the *issuance* of a summons when a person makes an "application to the court . . . requesting permission to file [a] complaint within 20 days" *and* "[the] court makes an order . . . granting the requested permission." N.C.G.S. § 1A-1, Rule 3(a) (1990). "The summons and the court's order shall be served in accordance with the provisions of Rule 4." *Id.* Thus, an action is not commenced under the delayed service provision of Rule 3 until: (1) an application is made to the court for permission to file a complaint within twenty days; (2) the court enters an order granting that extension; and (3) a summons is issued pursuant to that order. *See Osborne v. Walton*, 110 N.C. App. 850, 431 S.E.2d 496 (1993).

In this case, Plaintiff attempted to commence his action by delayed service. The application for the extension to file the complaint was filed on 18 December 1995 and a summons was issued by the clerk's office on that day. This summons was not sufficient to commence the action because it was not issued pursuant to an order entered by the clerk granting Plaintiff's application for an extension. A second summons dated 22 December 1995, however, was issued pursuant to an order entered by the clerk granting Plaintiff's application for a complaint extension, and that summons commenced Plaintiff's action.

Accordingly, Plaintiff's REDA action commenced on 22 December 1995, ninety-four days after the right-to-sue letter was issued and four days beyond the ninety-day time limit mandated in section 95-243(b). The trial court, therefore, properly granted Defendant's motion to dismiss on the grounds that the statute of lim-

therefore, only address the validity of that claim, as he abandoned his right to appellate review of the dismissal of his other claims. *See* N.C.R. App. P. 28(a).

itations had run on Plaintiff's REDA claim. *See Long v. Fink*, 80 N.C. App. 482, 484, 342 S.E.2d 557, 559 (1986) (statute of limitations violation is a proper basis for the trial court to dismiss a time-barred claim).

Affirmed.

Judges MARTIN and McGEE concur.