BRADLEY BEALL AND ADRIENNE BEALL, Plaintiffs v. DAVID BEALL, Defendant

No. COA02-743

(Filed 18 March 2003)

**1. Conflict of Laws— custodianship of trust accounts—substantive laws of Florida—procedural laws of North Carolina**

Although Florida substantive law applies in an action for fraud, conversion, unfair and deceptive trade practices, and misappropriation regarding defendant father's custodianship of plaintiff children's trust accounts based on the facts that the trusts were made in Florida under the Uniform Transfer to Minors Act and the acts allegedly took place in Florida, the remedial or procedural laws of North Carolina apply because the claim was brought in this state which is defendant's current residence.

**2. Collateral Estoppel and Res Judicata— custodianship of minors' trust accounts—different claims—different issues**

The trial court erred in an action for fraud, conversion, unfair and deceptive trade practices, and misappropriation regarding defendant father's custodianship of plaintiff children's trust accounts created in Florida by granting summary judgment in favor of defendant father based on either res judicata or collateral estoppel, because: (1) the prior claim was a motion for an accounting arising out of divorce proceedings involving defendant's ex-wife whereas the current claim is for fraud, conversion, unfair and deceptive trade practices, and misappropriation; and (2) defendant did not provide sufficient evidence that the issues raised by the present action were actually raised and litigated in the prior action.

**3. Statutes of Limitation and Repose— disability of minority—custodianship of trust account**

Plaintiff son's claims for fraud, conversion, unfair and deceptive trade practices, and misappropriation arising out of defendant father's custodianship of plaintiff children's trust accounts created in Florida is barred by the statute of limitations even though plaintiff was under the disability of minority when this action accrued, because: (1) N.C.G.S. § 1-17(a) provides that minors are allowed to bring suit within the three years from the date of their eighteenth birthday, and the last date on which

plaintiff could have filed his complaint in this action was 23 February 1998; and (2) the summons in this case was not issued until 27 February 1998 and the complaint was not filed until 16 March 1998.

Judge TYSON concurring in part and dissenting in part.

Appeal by plaintiffs from judgment entered 25 February 2002 by Judge Narley L. Cashwell in Wake County Superior Court. Heard in the Court of Appeals 8 January 2003.

*Katherine E. Jean for plaintiffs-appellants.*

*Law Offices of Johnny S. Gaskins, by Johnny S. Gaskins for defendant-appellee.*

LEVINSON, Judge.

Plaintiffs are the children of defendant and his ex-wife, Patricia Beall, and were born 23 February 1977 and 27 November 1978. In 1987 defendant became a custodian for bank accounts and certificates of deposit opened under the Uniform Transfer to Minors Act (UTMA) and belonging to plaintiffs. Defendant and his ex-wife entered divorce proceedings in Florida, their place of residence, on 27 September 1988.

On 7 March 1991, as part of the divorce proceedings, defendant's ex-wife filed a "Motion for Accounting of Children's Money," wherein she requested "a full accounting of the children's money, together with an award of attorney's fees and costs. . . ." On 8 April 1991, the trial court entered an "Order on Motion for Accounting" requiring defendant to produce all records regarding the children's trust assets, to provide those records to his ex-wife, and to transfer all children's assets that he held into proper form under the UTMA.

During 1991 and 1992 defendant's ex-wife made multiple motions for enforcement of prior orders requesting defendant be held in contempt for failing to make the accounting ordered and for unpaid alimony. On 12 December 1991, the trial court found that defendant did not owe unpaid alimony, but on 3 May 1994, the trial court entered an "Order on Motion to Enforce Prior Orders" ordering defendant to pay $3,337 to defendant's ex-wife as repayment for furnishings, Christmas presents, and children's expenses. This $3,337 was paid out of UTMA accounts. Although defendant's ex-wife moved for a rehear-

ing, that motion was denied, and the trial court indicated that its ruling was final.

In their complaint filed 16 March 1998 in Wake County, defendant's current place of residence, plaintiffs argue defendant improperly transferred and misappropriated funds from their trust accounts for which he was custodian. Specifically, they allege constructive fraud, conversion, unfair and deceptive trade practice, and misappropriation, and they request an accounting, constructive trust, and punitive damages. Defendant moved for summary judgment, and after hearing arguments and taking evidence, the trial court granted defendant's motion.

Summary judgment is proper when there is no genuine issue as to any material fact and any party is entitled to judgment as a matter of law. N.C.G.S. § 1A-1, Rule 56(c) (2001); *Coastal Leasing Corp. v. T-Bar Corp.*, 128 N.C. App. 379, 496 S.E.2d 795 (1998). A defendant, as the moving party, bears the burden of showing that no triable issue exists. *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 62-63, 414 S.E.2d 339, 341-42 (1992). A defendant may meet this burden by showing that the plaintiff cannot surmount an affirmative defense. *Id.* at 63, 414 S.E.2d at 342. Once a defendant has met this burden, the plaintiff must forecast evidence tending to show that a *prima facie* case exists. *Id.*

Defendant contends (1) plaintiffs' action is barred by *res judicata* and *collateral estoppel*, and (2) plaintiff Bradley Beall is barred by the statute of limitations. We turn first to defendant's contention that plaintiffs are barred by *res judicata* and *collateral estoppel*.

[1] First, we note, defendant correctly argues that Florida substantive law applies because the contract creating the children's trusts were made in Florida under UTMA and because the acts alleged took place in Florida. *Boudreau v. Baughman*, 322 N.C. 331, 335, 368 S.E.2d 849, 854 (1988). However, as the claim was brought in this State, defendant's current residence, the remedial or procedural laws of North Carolina apply. *Id.*; *Byrd Motor Lines, Inc. v. Dunlop Tire and Rubber Corp.*, 63 N.C. App. 292, 297, 304 S.E.2d 773, 777 (1983).

[2] The two doctrines of *res judicata* and *collateral estoppel* act to bar the relitigation of issues and rights already resolved. *See King v. Grindstaff*, 284 N.C. 348, 200 S.E.2d 799 (1973). They do not determine the existence or non-existence of a right but serve to bar the remedy provided by such a right. *Id.* Thus, we examine the standards

necessary to the establishment of *res judicata* and *collateral estoppel* under North Carolina law.

*Res judicata* is a doctrine of claim preclusion that prevents relitigation of a claim or cause of action between the same parties or their privies. *Thomas M. McInnis & Assoc., Inc. v. Hall,* 318 N.C. 421, 436, 349 S.E.2d 552, 561 (1986); *see King,* 284 N.C. 348, 200 S.E.2d 799. It precludes all issues that could or should have been raised in support or defense of the prior claim. *McInnis & Assoc.,* 318 N.C. at 436, 349 S.E.2d at 561. Similarly, *collateral estoppel* is a doctrine of issues preclusion, preventing parties or their privies from relitigating "facts or issues *actually determined* in a previous action based upon a different claim or cause of action." *Id.*

For *res judicata* to bar plaintiffs' action defendant must show: (1) the previous suit resulted in a final judgment on the merits, (2) the same cause of action is involved, and (3) both he and plaintiffs were either parties or are in privity with the parties of the prior action. *Id.* at 429, 349 S.E.2d at 557.

Although the parties argued extensively whether defendant's ex-wife stood in privity with plaintiffs, we need not reach that issue as we, nevertheless, find defendant has not met his burden of establishing the other elements necessary to *res judicata.* Although similar underlying facts to those forming plaintiffs' basis for the present action may have led defendant's ex-wife to request the accounting in the prior action, defendant has failed to show the present cause of action is not separate and distinct in kind from the earlier. Whereas the prior claim was a motion for an accounting arising out of divorce proceedings, the present claim is for fraud, conversion, unfair and deceptive trade practice, and misappropriation. There is insufficient evidence that this is the relitigation of that prior cause of action, not a new and distinct claim.

Turning to defendant's argument that *collateral estoppel* bars plaintiffs' action, to establish that affirmative defense, defendant must show: (1) the earlier action resulted in a final judgment on the merits, (2) the issue in question is identical to an issue actually litigated in the earlier suit, (3) the judgment on the earlier issue was necessary to that case, and (4) both parties are either identical to or in privity with a party or the parties from the prior suit. *Id.* at 428-29, 349 S.E.2d at 557; *King,* 284 N.C. at 355, 200 S.E.2d at 805.

Here, although the parties again focused primarily on the privity requirement, we need not reach that issue as defendant fails to estab-

lish *collateral estoppel* because he provides insufficient evidence that the issues raised by the present action were actually raised and litigated in the prior action. *See Reid v. Holden*, 242 N.C. 408, 88 S.E.2d 125 (1955). The prior action argued by defendant was for an accounting of the trust assets, whereas the present action is for fraud, conversion, and unfair and deceptive trade practice. Defendant's ex-wife's motion for accounting requested only "a full accounting of the children's money," and the resulting order provided only for the "production of records," "access to records," and "entitlement to information." Although the trial court in the prior action ordered some monies transferred into and out of the children's trust accounts, this does not establish the issues presently raised were litigated and determined in that action. Rather, because the motion for an accounting was made in conjunction with divorce proceedings, there are alternative reasons the trial court may have ordered the transfer of monies.

Furthermore, as the trust was governed by Florida law, *see* Fla. Stat. § 710.103 (2001); N.C.G.S. § 33A-2 (2001), which requires custodians to make "records of all transactions with respect to custodial property . . . available for inspection at reasonable intervals by a parent or legal representative of the minor or by the minor if the minor has attained the age of 14 years," defendant's ex-wife, as a parent of the minor trustees, was entitled to an accounting, apart from any claims of fraud or conversion. Fla. Stat. § 710.114 (2001). Thus, defendant has failed to carry his burden of establishing that the issues currently presented have been previously litigated and determined.

[3] Next, defendant contends plaintiff Bradley Beall's claim is barred by the statute of limitations. This State has consistently held that statutes of limitation are procedural, not substantive. *Boudreau*, 322 N.C. at 335, 368 S.E.2d at 854; *Sayer v. Henderson*, 225 N.C. 642, 643, 35 S.E.2d 875, 876 (1945). Therefore, the applicable statute of limitations is determined under North Carolina law.

Here, plaintiffs' complaint alleges acts which took place from 1987 to 1990, but their complaint was not filed until 16 March 1998, well after the three years allowed. N.C.G.S. § 1-52 (2001). However, N.C.G.S. § 1-17(a) (2001) allows a person under a disability at the time the cause of action accrues to bring the action within the three years after removal of the disability but "no time thereafter." Because plaintiffs were under the disability of minority when their cause of action accrued, they were allowed to bring suit within the three years from

**BEALL v. BEALL**

[156 N.C. App. 542 (2003)]

the date of their eighteenth birthday. G.S. § 1-17(a). As plaintiff Bradley Beall was born 23 February 1977, the last date on which he could have filed his complaint in this action was 23 February 1998, the first business day following 22 February 1998, a Sunday.

Plaintiffs argue this action was commenced within the time allowed because plaintiff Adrienne Beall filed an application for extension of time within which to file the complaint and because plaintiff Bradley Beall's name was listed as a plaintiff on the application. Without regard to whether the application could have acted for plaintiff Bradley Beall, his claim is barred nonetheless. An action may be commenced by "filing a complaint with the court" or by "the *issuance* of a summons" and an order extending permission to file. N.C.G.S. § 1A-1, Rule 3 (2001) (emphasis added). Here, the summons was not issued until 27 February 1998, and the complaint was not filed until 16 March 1998; therefore, plaintiff Bradley Beall's claim is barred. *See Telecasa v. SAS Inst., Inc.*, 133 N.C. App. 653, 655, 516 S.E.2d 397, 399 (1999).

The issue of whether defendant may be obligated to plaintiff for amounts defendant paid pursuant to Florida court orders is an issue not properly before us. N.C.R. App. P. 28. Accordingly, we have not addressed it.

In summary, defendant failed to meet his burden of establishing either *res judicata* or *collateral estoppel*; therefore, the trial court's issuance of summary judgment as to plaintiff Adrienne Beall is reversed. But because plaintiff Bradley Beall's claim is barred by the statute of limitations, the trial court was correct in issuing summary judgment as to him.

Reversed in part, remanded in part.

Judge TIMMONS-GOODSON concurs.

Judge TYSON concurs in part and dissents in part.

TYSON, Judge concurring in part, dissenting in part.

I concur with that portion of the majority's opinion affirming summary judgment for defendant on the grounds that Bradley Beall's claims are barred by the statute of limitations. I also concur with the majority's determination that Florida law controls the substantive issues and that North Carolina law controls the remedial or proce-

dural issues at bar. I respectfully dissent from that portion of the majority's opinion that held "[t]he issue of whether defendant may be obligated to plaintiff for amounts defendant paid pursuant to Florida court orders is an issue not properly before us" and which reverses and remands summary judgment against Adrienne Beall on all issues.

## I. "Other Like Fiduciary"

I would hold that defendant was entitled to summary judgment to the extent of any funds he paid to Patricia Beall ("Patricia") pursuant to court order or to her on behalf of the children. Plaintiff's legal representative is not required to be the guardian ad litem under Florida Law to receive support. "While it is under the disability of minority, the child's right to support must be enforced by a legal representative, such as a guardian or other like fiduciary, a guardian ad litem or a next friend, but more commonly it is enforced against one parent by an opposing parent, as natural guardian, or by a governmental agency." *Cronebaugh v. Van Dyke*, 415 So.2d 738, 741 (Fla. App. 1982), *disc. rev. denied*, 426 So.2d 25 (Fla. S. Ct. 1983). "[T]he recipient of the child support receives the support monies, not in his own right or for his own benefit, but in trust for the cestui que trust, who is the child." *Id.*

Defendant distributed some, if not all, of the sums plaintiff is seeking to Patricia. Although Patricia was not appointed as the guardian ad litem, she was awarded custody of the children and, under Florida law, was an "other like fiduciary" or "next friend" when she accepted and took possession of the money, not in her own name or for her own benefit but on behalf of her children. This fiduciary status placed Patricia in privity with Adrienne and bars any recovery of those funds.

## II. Conclusion

Defendant has shown entitlement to full credit for those funds paid to Patricia on behalf of the children as a matter of law. To hold otherwise would allow plaintiff Adrienne a double recovery. Summary judgment in favor of defendant is proper to the extent of those amounts he paid from the accounts pursuant to a court order or to Patricia on behalf of the children, while Adrienne remained a minor. Adrienne Beall may only pursue her claims to other funds, if any, to which she can prove legal entitlement and which defendant fraudulently converted to his own use.